PEOPLE *v.* SCHOONOVER.

1. Criminal Law—Conspiracy to Obstruct Justice—Evidence—New Trial—Great Weight of the Evidence.

    In prosecution of police officers for conspiracy to obstruct justice by persuading a material witness in a previous prosecution on a like charge to absent himself from the jurisdiction of the court wherein it was pending, where testimony amply justified jury in finding defendants guilty, beyond a reasonable doubt, of the offense charged, it was not error to deny a new trial on the ground that the verdict was against the great weight of the evidence.

2. Same—Dismissal on Preliminary Examination—Jeopardy.

    Dismissal of defendants on preliminary examination on charge of conspiracy to obstruct justice because prosecution could not find material witness who had implicated defendants in preceding grand-jury proceeding did not constitute their being placed in jeopardy.

3. Same—Conspiracy to Obstruct Justice—Dismissal on Previous Charge—Evidence.

    Admission of testimony in prosecution for conspiracy to obstruct justice regarding acts of defendants after their dismissal on preliminary examination on a similar charge because prosecution was unable to find witness whose absence from jurisdiction of the court defendants are now charged with having procured, was not improper under information charging a continuing conspiracy as dismissal on preliminary examination on previous charge would not have prevented reopening of case since defendants had not been placed in jeopardy and such evidence was all germane to and a part of a general scheme or plan of wrongdoing.

4. Same—Instructions—Request to Charge.

    In prosecution for a criminal offense in which defendants made certain requests to charge where charge as given fully and fairly instructed jury on questions involved and law applicable thereto and fully protected rights of defendants, there was no error in instructions given or in the refusal to give instructions requested.

5. Indictment and Information—Indorsement of Witnesses During Trial—Discretion of Court—Prejudice.

    Indorsement on information of name of a witness during course of trial of charge of common-law conspiracy to obstruct justice which lasted some seven weeks *held,* not an abuse of discretion where defendants made no satisfactory showing that such name had been intentionally omitted from the information at the time of filing or of prejudice by reason of such indorsement during the trial (3 Comp. Laws 1929, § 17254).

6. Conspiracy—Dismissal of One Defendant in Presence of Jury—Prejudice.

    In prosecution of appellants, three police officers, and others for conspiracy to obstruct justice, granting of prosecution's motion for order of *nolle prosequi* as to wife of one of the appellants *held,* not prejudicial error because done in the presence of the jury where appellants made no objection at the time motion was granted and no showing of prejudice has been made.

7. CRIMINAL LAW—CONSPIRACY—MISCARRIAGE OF JUSTICE.

    Examination of record of seven-weeks' trial in prosecution of three police officers for conspiracy to obstruct justice *held,* not to disclose error as to any one of the defendants which resulted in a miscarriage of justice (3 ' Comp. Laws 1929, § 17354).

Appeal from Wayne; Van Zile (Donald), J., presiding. Submitted October 15, 1942. (Docket No. 96, Calendar No. 41,653.). Decided February 23, 1943. Rehearing denied April 6, 1943.

  Daniel Schoonover, George Scharf and John Lochridge were convicted of conspiracy to obstruct justice. Affirmed.

*Schmier, Karbel & Eiges,* for appellant Schoonover.

*Charles L. Bartlett,* for all appellants.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Wallace A. Temple* and *Henrietta E. Rosenthal,* Assistant Prosecuting Attorneys, for the people.

STARR, J. Defendants, who had been Detroit police officers, were convicted on jury trial under an information charging them with the common-law offense of a conspiracy to obstruct justice. Such information charged, in part, that between April 24 and September 25, 1940, these defendants and other persons:

"Knowingly conspired together * * * wilfully, corruptly and unlawfully to obstruct the due course

of justice in the case of the People of the State of Michigan v. John Roxborough, et al., then pending on examination before Homer Ferguson, one of the circuit judges of Wayne county, acting as a magistrate and conservator of the peace, wherein the charge was conspiracy to obstruct justice and in which the said Daniel Schoonover, John Lochridge, George W. Scharf (defendants in the present case) Peter F. Scally, Alfred Parry, Charles Flynn, Noble Magness, Bernard Nosseck, Alphone Kemper, John Doe, Richard Roe and Harry Doe were some of the defendants, by then and there enticing, soliciting, and persuading one Charles Bethel, a witness for the people of the State of Michigan upon said examination, to absent himself from the county of Wayne and to get out of the State of Michigan and beyond the jurisdiction of the said magistrate and not appear as a witness at said examination and give evidence therein for the people of the State of Michigan concerning the crime then and there being examined into in said cause, and they, the said defendants and co-conspirators, did then and there spirit away and cause to be spirited away from the jurisdiction of said court the said Charles Bethel, they, the said defendants and co-conspirators, then and there well knowing that he was a material witness in said examination for the people of the State of Michigan and then and there well knowing that he was waiting to appear as a witness at said examination; whereby the said Charles Bethel did not appear at said court and give evidence at said examination for and on behalf of the people and against some of the defendants in that cause.''

The case of the People v. Roxborough, et al., referred to in the above information, arose out of the grand-jury investigation in 1939 and 1940 of gambling, graft, and other crime in Wayne county. One Charles Bethel, by his testimony before the grand

jury, had implicated the present defendants in the conspiracy charged in the Roxborough case. Defendants had been arrested, and Bethel was to be the "principal witness" for the prosecution in their preliminary examinations in that case. Such preliminary examinations were continued from time to time, and on June 25, 1940, defendants were discharged because the prosecution was unable to find Bethel and could not proceed without his testimony. It appears that in September, 1940, the prosecution located witness Bethel in New Jersey; that he was returned to Detroit; and that these defendants were subsequently arrested and held for trial on the above-mentioned information.

The trial of these and other defendants continued for about seven weeks. At the conclusion of the people's proofs the trial court discharged defendant Peter F. Scally. At the conclusion of all proofs, on motion of the prosecution, the trial court entered an order of *nolle prosequi* as to defendant Mary Schoonover (wife of defendant Daniel Schoonover). The jury acquitted defendant Parry and found the three appellants, Schoonover, Scharf, and Lochridge, guilty as charged. They were sentenced, their motion to set aside the verdict and for a new trial was denied, and, having obtained leave, they appeal.

These defendants had been police officers connected with the Hunt street station of the Detroit police department, and witness Bethel had operated a restaurant in the vicinity of such station. There was testimony indicating that prior to their dismissal in the Roxborough case these defendants had contacted Bethel for the purpose of inducing him not to testify against them at their preliminary examinations. They had meetings with him; they endeavored to get him a job; they threatened him, gave him money, food, and drink, and did get his

girl friend a job. They induced him to go to the office of defendant Schoonover's attorney and there make an affidavit contradicting his grand-jury testimony against defendants. About June 21, 1940, defendant Schoonover met Bethel at the home of Dr. and Mrs. DeNike, who were close friends of Schoonover. Defendants Scharf and Lochridge were outside the DeNike house at the time of such meeting. By direct and indirect promises and threats Bethel was induced to leave the city, and that night Schoonover and Dr. DeNike drove Bethel to DeNike's cottage at Lakeville, Oakland county. Bethel was instructed to remain in seclusion at such cottage. On June 25, 1940, these defendants and others were discharged as defendants in the Roxborough case, because the prosecution could not find witness Bethel. A day or two after defendants were discharged, it was arranged that Bethel should leave the State and go to New Jersey, and defendants and the DeNikes supplied him with a railroad ticket and with clothing and money. Money was sent to Bethel in New Jersey, and Schoonover visited him there and gave him money. Bethel remained in New Jersey until the prosecution located him and returned him to Detroit.

It would serve no useful purpose to discuss further the conflicting testimony shown by the rather voluminous record. The jury saw and heard the witnesses and was best able to judge the credibility of, and weight to be given, their testimony. We are well satisfied that there was ample testimony justifying the jury in finding defendants guilty, beyond a reasonable doubt, of the offense charged. The verdict was not against the great weight of the evidence.

Defendants allege error in the admission of testimony regarding their acts and statements occur-

ring after their dismissal as defendants in the Roxborough case. They argue that the information charged a conspiracy to obstruct justice in the case "then pending on examination before Homer Ferguson" and that no conspiracy could exist after they were discharged as defendants in that case. The information charged a conspiracy continuing during the period from April 24 to September 25, 1940. The dismissal of defendants would not have prevented the prosecution from thereafter proceeding against them, because the dismissal on examination did not constitute their being placed in jeopardy. From the testimony it may reasonably be inferred that, after their dismissal in the Roxborough case, defendants desired to prevent the prosecution from obtaining the testimony of witness Bethel, which might have resulted in the reopening of the conspiracy case against them. The evidence shows one continuing conspiracy, and the acts and doings of defendants after their dismissal were all germane to and a part of their general scheme or plan of wrongdoing. We find no error in the admission of testimony. In *People* v. *McCrea,* 303 Mich. 213, 241, we said:

"The testimony clearly establishes that the acts and doings * * * were all germane to and a part of the general scheme or plan of wrongdoing. In *People* v. *Tenerowicz,* 266 Mich. 276, 282, we said:

" 'If the misconduct charged is all germane to one course of wrongdoing there is only one conspiracy. It may be charged and punished as a single conspiracy.' "

See, also, *People* v. *Mol,* 137 Mich. 692 (68 L. R. A. 871, 4 Ann. Cas. 960); *People* v. *Chambers,* 279 Mich. 73; *United States* v. *Kissel,* 218 U. S. 601 (31 Sup. Ct. 124, 54 L. Ed. 1168).

Defendants contend that the trial court erred in refusing to give certain requested instructions to the jury. We have carefully examined the instructions requested by defendants and those given by the trial court. We are satisfied that the court fully and fairly instructed the jury on the questions involved and the law applicable thereto. Such instructions fully protected defendants' rights, and there was no error in the instructions given. or in the refusal to give the instructions requested.

Defendants contend further that the trial court erred in indorsing the name of witness Nosseck on the information during the course of the trial. Section 17254, 3 Comp. Laws 1929 (Stat. Ann. § 28.980), provides, in part:

"Names of other witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine."

Defendants made no satisfactory showing that the name of witness Nosseck was intentionally omitted from the information at the time of filing, or that they were prejudiced by reason of the indorsement of such witness during the trial. The indorsement was within the discretion of the trial court (*People* v. *Blue,* 255 Mich. 675), and we find no abuse of such discretion. *People* v. *McCrea, supra.*

We do not agree with defendants' contention that it was prejudicial error for the trial court, in the presence of the jury, to grant the prosecution's motion for an order of *nolle prosequi* as to defendant Mary Schoonover. Defendants made no objection at the time such motion was granted and have made no showing of prejudice.

Other errors claimed and questions presented by defendants do not merit consideration or determina-

tion. From our study of the record and briefs we are convinced that defendants had a fair trial and that there was no error as to any one of these defendants which resulted in a miscarriage of justice. 3 Comp. Laws 1929, § 17354 (Stat. Ann. § 28.1096).

The judgment is affirmed as to each defendant.

BOYLES, C. J., and CHANDLER, NORTH, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.