PEOPLE v. MIKLOVICH.

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—DISCHARGE—SUBSE-
QUENT ARREST—JEOPARDY.
  Discharge by an examining magistrate upon examination of a
  person accused of a crime is not a bar to his subsequent arrest,
  examination, and trial for the same offense, because he has
  not been placed in jeopardy.

2. SAME—JURISDICTION—REMAND FOR FURTHER EXAMINATION.
  Jurisdiction over one accused of crime, once vested in the circuit
  court, was not lost by virtue of the granting of motion to
  quash information, as the circuit court has authority, upon
  motion of the prosecutor to remand to the examining magistrate
  for further examination (CL 1948, § 766.13).

3. SAME—PRELIMINARY EXAMINATIONS—SPEEDY TRIAL—DEMAND.
  Defendant, originally charged with crime of involuntary man-
  slaughter charged with having been committed October 21,
  1957, held, not to have been denied the speedy trial accorded
  him by the Constitution where first preliminary examination
  was held January 15, 1958, a second preliminary examination
  on February 20, 1959, return of examining magistrate filed
  February 2, 1962, followed by conviction of negligent homicide
  in November, 1963, where defendant made no formal demand
  on the record for trial in 3-year period after second pre-
  liminary examination (Const 1908, art 2, § 19; CL 1948,
  § 768.1).

Appeal from Tuscola; Quinn (Timothy C.), J.
Submitted March 3, 1965. (Calendar No. 64, Docket
No. 50,779.) Decided May 11, 1965.

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am Jur, Criminal Law § 370.
[2] 4 Am Jur 2d, Appeal and Error § 352 et seq.
[3] 14 Am Jur, Criminal Law § 138.

Anthony M. Miklovich was convicted of negligent homicide. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James J. Epskamp,* for the people.

*F. Norman Higgs,* for defendant.

KELLY, J. Defendant and appellant, having been convicted by a jury of negligent homicide,[1] appeals from the judgment and sentence of the Tuscola county circuit court that "defendant pay a fine of $1,500 and costs of $100."

The first preliminary examination of defendant, who was originally charged with having committed the crime of involuntary manslaughter on or about October 21, 1957, was held January 15, 1958 and defendant was bound over to circuit court.

Prior to trial, set for May 1, 1958, defendant filed a motion to quash the information on the ground that the evidence produced at the preliminary examination did not establish probable cause to believe the defendant guilty of the crime charged. The trial court granted defendant's motion but also granted the oral motion of the prosecutor to remand the cause to the examining magistrate for a further preliminary examination.

On February 20, 1959, a second preliminary examination was held over defendant's objection that the magistrate had no jurisdiction over the cause. At the conclusion of the hearing, the examining magistrate took the matter under advisement. No further proceedings were had until February 2, 1962, when the prosecutor filed the return of the examining magistrate dated February 2, 1962, bind-

---

[1] CL 1948, § 750.324 (Stat Ann 1954 Rev § 28.556).—REPORTER.

ing defendant over to circuit court and also filed an information charging defendant with the crime of negligent homicide.

Defendant was arraigned on February 10, 1962, at which time he stood mute and notified the court of his intention to file a motion to dismiss. Thereafter, on March 21, 1963, defendant filed a motion to dismiss the information, which motion was denied by the trial court. In November, 1963, defendant was tried and found guilty of negligent homicide.

On appeal, defendant asserts that the circuit court was without jurisdiction on May 1, 1958, to remand the cause for further examination when the record did not support a finding of probable cause to believe defendant guilty of the crime charged; that the failure of the prosecution to file an information between February 20, 1959, and February 2, 1962, constitutes a violation of defendant's rights to a speedy trial under the Constitution and statutes of Michigan;[2] and that such delay also constitutes a violation of defendant's due process rights under the 14th Amendment to the United States Constitution.

In support of his contention that the circuit court had no jurisdiction to remand to the examining magistrate, defendant argues that since under CL 1948, § 766.13 (Stat Ann 1954 Rev § 28.931)[3] the magistrate must discharge the defendant if he finds

---

[2] See Const 1908, art 2, § 19, and CL 1948, § 768.1 (Stat Ann 1954 Rev § 28.1024). For current constitutional provisions, see Const 1963, art 1, § 20.—REPORTER.

[3] "If it shall appear to the magistrate upon the examination of the whole matter, either that no offense has been committed or that there is not probable cause for charging the defendant therewith, he shall discharge such defendant. If it shall appear to the magistrate upon the examination of the whole matter, that an offense not cognizable by a justice of the peace has been committed and there is probable cause for charging the defendant therewith, said magistrate shall forthwith bind such defendant to appear before the circuit court of such county or any court having jurisdiction of said cause, for trial."

that no offense has been committed or that there
is not probable cause for charging the defendant
therewith, it therefore follows that the circuit court
upon a similar finding, under a motion to quash
the information, has no authority to order a further
examination.

Defendant's argument is without merit. The dis-
charge by an examining magistrate upon examina-
tion of a person accused of a crime is not a bar to
his subsequent arrest, examination, and trial for
the same offense because he has not been placed
in jeopardy.[4]  Jurisdiction, having once vested in
the circuit court, was not lost by virtue of the
granting of the motion to quash the information.[5]
Therefore, the circuit court had authority, upon
motion of the prosecutor, to remand to the examining
magistrate for further examination.

Defendant's next contention that his right to a
speedy trial under the statutes and Constitution of
the State of Michigan has been violated is foreclosed
by *People* v. *Duncan,* 373 Mich 650, in which case
this Court unequivocally stated that an accused's
constitutionally guaranteed right to a speedy trial
must be asserted by a "formal demand on the rec-
ord." The record in this case is devoid of any such
demand by defendant during the period from Febru-
ary 20, 1959, to February 2, 1962.

The Federal courts, in applying the 6th Amend-
ment right to a speedy trial provision have also
adopted the rule enunciated in *People* v. *Duncan,
supra.* See *United States* v. *Lustman* (CCA2, 1958),
258 F2d 475, certiorari denied, 358 US 880 (79 S
Ct 118; 3 L ed 2d 109 [1958]). It has also been held
that the due process clause of the 14th Amendment
does not make the speedy trial provisions of the

---

[4] *Gaffney* v. *Missaukee Circuit Judge,* 85 Mich 138; *People* v. *Til-
lard,* 318 Mich 619.

[5] *Dimmers* v. *Hillsdale Circuit Judge,* 289 Mich 482.

6th Amendment directly applicable to State action—
that to establish a violation of the due process
clause, defendant must prove that the delay pre-
cluded a fair determination of the charges against
him. *United States, ex rel. Von Cseh,* v. *Fay* (CCA
2), 313 F2d 620, citing cases. Defendant makes no
showing that he has been deprived of a fair trial;
only that he has been denied a speedy trial. Since
he has failed to assert such constitutional right, it
cannot be argued that he has thus been denied due
process under the 14th Amendment to the United
States Constitution.

Affirmed.

DETHMERS, BLACK, SOURIS, O'HARA, and ADAMS, JJ.,
concurred with KELLY, J.

T. M. KAVANAGH, C. J., and SMITH, J., concurred
in result.