PEOPLE v RILEY

1. CRIMINAL LAW—DISMISSAL OF COMPLAINT—PRELIMINARY EXAMINA-
   TION—REINSTATEMENT OF CHARGES—JEOPARDY.

   The dismissal of a criminal complaint against a defendant by an
   examining magistrate on preliminary examination is not a bar
   to further prosecution for the same offense because the prelimi-
   nary examination does not place the defendant in jeopardy.

2. CRIMINAL LAW—DISMISSAL OF COMPLAINT—PRELIMINARY EXAMINA-
   TION—RES JUDICATA—ADJUDICATION ON MERITS.

   The dismissal of a criminal complaint against a defendant by an
   examining magistrate on preliminary examination where such
   dismissal is based upon procedural grounds does not constitute
   res judicata because res judicata generally applies only where
   there has been an adjudication on the merits.

3. CRIMINAL LAW—FAIR TRIAL—JURY—DEFENDANT IN PHYSICAL RE-
   STRAINT—FAILURE TO OBJECT.

   A defendant was not denied a fair trial because he was seen by
   certain members of the jury being brought into the courtroom
   while allegedly in physical restraint where defense counsel did
   not challenge, either peremptorily or for cause, any of the
   jurors who had seen the defendant being brought into the
   courtroom, defense counsel did not object or move for a mis-
   trial, but asked for a cautionary instruction, which he received,
   and none of the jurors, when questioned by defense counsel,
   answered that they would be affected by what they had seen.

Appeal from Jackson, Charles J. Falahee, J.
Submitted June 1, 1976, at Lansing. (Docket No.
22610.) Decided November 22, 1976.

Walter L. (X) Riley was convicted of unautho-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 175 *et seq.*
[3] 30 Am Jur 2d, Evidence § 1022.
   75 Am Jur 2d, Trial §§ 166, 167, 708.

rized possession of a weapon while in prison. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, *James M. Justin,* Assistant Prosecuting Attorney and *Susan E. Vandercook,* Assistant Prosecuting Attorney, for the people.

*Birch & Dean,* for defendant.

Before: ALLEN, P. J., and D. E. HOLBROOK, JR. and E. H. PAPP,* JJ.

D. E. HOLBROOK, JR., J. Defendant appeals as of right from his conviction for unauthorized possession of a weapon while in prison. MCLA 800.283; MSA 28.1623. Two questions are presented for our consideration: (1) Whether a criminal complaint, that is dismissed for failure to comply with the provisions of MCLA 766.4; MSA 28.922, may be reinstituted by the filing of a second complaint charging the same offense, and (2) Whether the defendant was denied a fair trial because he was seen by certain members of the jury being brought into the courtroom while in physical restraint.

MCLA 766.4; MSA 28.922 provides as follows:

"The magistrate before whom any person is brought on a charge of having committed an offense not cognizable by the court before which he is brought shall set a day for examination not exceeding 12 days thereafter, at which time the court shall examine the complainant and the witnesses in support of the prosecution, on oath in the presence of the prisoner, in regard to the offense charged and in regard to any other matters connected with such charge which the court considers pertinent."

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The pertinent facts as they relate to defendant's first issue are that defendant was initially arraigned on March 5, 1974, upon the charge for which he was subsequently found guilty, with preliminary examination being set for March 14, 1974. The examination date was then adjourned by someone in the clerk's office upon the request of the prosecutor with no notice to the defendant, without stipulation or the filing of a formal motion. As a result the examining magistrate granted defense counsel's motion to dismiss the complaint and warrant on March 21, 1974, which was the adjourned preliminary examination date. At that time, the examining magistrate indicated that the granting of said motion was without prejudice. Subsequent thereto the prosecutor reissued a complaint and warrant relating to the same charge. Defendant was arraigned on this complaint on April 2, 1974, before a different judge and preliminary examination was set for April 11, 1974. At the request of defendant said examination was adjourned to April 17, 1974. Defendant's motion to quash the reissuance of the warrant and complaint was denied by the examining magistrate and defendant was bound over for trial which commenced on September 9, 1974, in the Jackson County Circuit Court. Defendant's motion was again raised and denied.

Defendant argues that the examining magistrate's dismissal of the original warrant and complaint was res judicata and that the prosecutor had no authority to reinstate the original charges by issuing a subsequent warrant and complaint. We disagree.

In *People v Panknin,* 4 Mich App 19; 143 NW2d 806 (1966), this Court held that a discharge of the defendant by an examining magistrate on prelimi-

nary examination was not a bar to further prosecution for the same offense, because the preliminary examination did not place the defendant in jeopardy. *Panknin,* in our opinion, is still good law. Nor is defendant's assertion that the original dismissal constitutes res judicata of any validity. Generally res judicata applies only where there has been an adjudication on the merits. *In re Raseman Estate,* 18 Mich App 91; 170 NW2d 503 (1969). Here the dismissal was based upon a procedural ground and it is obvious from reading the examining magistrate's basis for dismissal that his reason for so doing was to impress upon the office of the prosecutor that there are correct and incorrect ways to adjourn a preliminary examination. Since the prosecutor chose an incorrect method the magistrate dismissed the complaint and warrant. Hence, there was no adjudication on the merits but a dismissal based upon a procedural shortcoming.

Defendant's second claim of error is equally without merit. During the voir dire of the jury, defense counsel asked if any of the jurors saw the defendant being brought into the courtroom to which 4 to 6 responded affirmatively. Defense counsel did not challenge any of these jurors peremptorily or for cause. Counsel did not object or move for a mistrial but only requested a cautionary instruction which he received. As to those jurors responding affirmatively, none answered that this factor would affect their decision in the case when the question was put to them by defense counsel. As in *People v Shaw,* 381 Mich 467; 164 NW2d 7 (1969), the issue as to how defendant was brought into the courtroom was not raised on the record until after the jury was chosen. Unlike *Shaw,* defense counsel here did not object or move

for a mistrial. Moreover, as in *Shaw,* there is no claim of ineffective assistance of counsel. Therefore, as in *Shaw,* defendant's claim must fail for failure to make a timely protest of denial of his rights.

Affirmed.