PEOPLE v GEORGE

Docket No. 52491. Submitted January 6, 1982, at Detroit.—Decided
    March 17, 1982. Leave to appeal applied for.

George H. George, John W. Paluzzi and Demetrios Hatsios were
    charged with conspiring to obtain money under false pretenses
    and with three counts of obtaining money under false pre-
    tenses. They were bound over for trial, then filed motions to
    quash the warrant and complaint. The motions were granted
    and the prosecution appealed. Subsequently, the appeal was
    dismissed on the prosecution's motion which stated that the
    claim of appeal was not supported by the record. A few weeks
    later the defendants were again charged with the same crimes
    alleged in the first complaint and warrant. They filed motions
    to quash the second warrant and complaint, and Warfield
    Moore, J., sitting as examining magistrate in Detroit Recorder's
    Court, granted the motions to quash, finding that the renewed
    prosecution was a violation of due process. At the hearing on
    the motions the prosecution admitted that it had no new
    evidence to present. The prosecution appeals. *Held:*

    1. Double jeopardy considerations do not bar the instigation
    of renewed proceedings because the defendants were not placed
    in jeopardy during the first preliminary examination.

    2. A second attempt to bind the defendants over for trial was
    not barred by res judicata or collateral estoppel because the
    first preliminary examination was not a determination of guilt
    or innocence.

    3. In this case, the reinstitution of charges constituted ha-
    rassment in violation of the defendants' due process rights. The
    prosecution asked that its first appeal be dismissed because it
    was not supported by the record, then conceded that it had no
    new evidence but sought a second chance to show probable

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur 2d, Appeal and Error § 159.
    21 Am Jur 2d, Criminal Law § 419.
[3] 21 Am Jur 2d, Criminal Law §§ 260, 261:
[4, 5] 46 Am Jur 2d, Judgments §§ 505, 515.

cause. The magistrate properly ordered the second complaint and warrant to be quashed.

Affirmed.

1. CRIMINAL LAW — APPEAL — STANDARD OF REVIEW.

A criminal defendant who believes that he has been wrongly bound over for trial may seek leave to appeal or may raise the issue in a subsequent appeal as of right if he is convicted; the appellate court reviews the evidence to determine whether the magistrate abused his discretion in binding the defendant over for trial.

2. CRIMINAL LAW — APPEAL — PROSECUTOR'S APPEAL.

The proper procedure for a prosecutor who is dissatisfied with a magistrate's finding that no crime has been committed or that there is no probable cause to believe that the accused has committed a crime is to appeal the decision of the magistrate to the circuit court.

3. CRIMINAL LAW — DOUBLE JEOPARDY.

A criminal defendant is not placed in jeopardy until a jury has been sworn or, in a bench trial, when the first prosecution witness has been called; therefore, double jeopardy considerations do not bar instigation of a second proceeding against a defendant who has been discharged by an examining magistrate upon a finding of no probable cause.

4. CRIMINAL LAW — PRELIMINARY EXAMINATION — RES JUDICATA.

A preliminary examination does not finally determine a defendant's guilt or innocence; therefore, the doctrine of res judicata does not bar a repeated attempt to bind a defendant over for trial after he has been discharged at a preliminary hearing upon a finding of no probable cause.

5. CRIMINAL LAW — DISMISSAL OF PROSECUTION — PRELIMINARY EXAMINATION.

A warrant and complaint charging a defendant with an offense for the second time was properly quashed where the proceedings against the defendant were dismissed the first time upon a finding of no probable cause to bind the defendant over for trial and where the prosecution indicated that no new evidence would be presented at the second preliminary examination; repeated prosecution in such circumstances constitutes harassment.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Frank J. Bernacki,*
Assistant Prosecuting Attorney, for the people.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by
*Lawrence Warren),* for defendant George.

*Barris, Golob & DuMouchel, P.C.* (by *Ivan E.
Barris* and *Howard I. Wallach),* for defendant
Paluzzi.

*Cartsos, Simon & Korachis,* for defendant Hats-
ios.

Before: BASHARA, P.J., and T. M. BURNS and
ALLEN, JJ.

ALLEN, J. When a trial judge has found no
probable cause to hold a defendant for trial and
the prosecutor has appealed that decision, may the
prosecutor seek to dismiss the appeal and bring
new charges against the defendant when he has
discovered no new evidence? We believe that, on
the facts of this case, this procedure violates a
defendant's right to due process of law.

On January 25, 1979, defendants George Henry
George, John W. Paluzzi and Demetrios Hatsios
were charged with one count of conspiring to
obtain money under false pretenses, and with
three counts of obtaining money under false pre-
tenses, MCL 750.157a; MSA 28.354(1), MCL
750.218; MSA 28.415.

All the charges arose from an alleged scheme to
inflate repair bills for automobiles insured by De-
troit Automobile Inter-Insurance Exchange and
repaired at New Center Collision, a garage in
Detroit. Paluzzi and Hatsios are the officers of

New Center; George is a claims adjuster for the insurer, whose duty it was to approve estimates from garages, including those from New Center.

Defendants were bound over for trial after a preliminary examination before Visiting Judge Robert P. Van Wiemeersch in Detroit Recorder's Court. All filed motions to quash. On April 27, 1979, Judge Donald Hobson of Detroit Recorder's Court granted the motions.

On May 15, 1979, the prosecution filed a claim of appeal in this Court, but moved to dismiss the appeal on November 30, 1979, stating that the claim was not supported by the record. This Court granted the motion after Paluzzi and Hatsios stipulated to the dismissal.

On January 10, 1980, the three defendants were charged again with the identical crimes alleged in the first complaint and warrant. They filed motions to quash, arguing that to permit the initiation of a second prosecution on the same charges would deprive them of due process of law. At the hearing, the prosecution admitted that it had no newly discovered evidence to present. On May 8, 1980, Judge Warfield Moore, the examining magistrate, quashed the second warrant and complaint, finding a violation of due process. The prosecutor has appealed.

On appeal, the prosecutor argues that Judge Moore erred in finding a due process violation. He maintains, correctly, that neither the Double Jeopardy Clause nor the doctrines of collateral estoppel and res judicata bar a prosecutor from proceeding against an accused by bringing a second complaint and warrant after the first has been dismissed. The defendants argue that although double jeopardy, res judicata and collateral estoppel do not bar subsequent proceedings, due process does.

They assert that the continued exposure to prosecution results in the unfair harassment of an accused, that bringing a second prosecution without having offered any new evidence in effect asks a magistrate to review the decision of a coequal judge, and that the law of the case bars reconsideration of the probable cause determination. While we decline to adopt the broad rule suggested by the defendants, we believe that the initiation of a second prosecution was improper in this case and affirm Judge Moore's order to quash. Our decision in this regard is limited to the narrow facts of this case.

In Michigan, a defendant has a right to a preliminary examination at which the examining magistrate must make a determination of whether a crime has been committed and whether there is probable cause to believe the accused has committed it. MCL 766.13; MSA 28.931. One of the purposes of the preliminary examination is to weed out groundless or unsupported charges and to relieve the accused of the degradation and expense of a criminal trial and deprivation of his liberty if there is no probable cause to believe he committed the offense. *People v Duncan,* 388 Mich 489, 501; 201 NW2d 629 (1972).

If a defendant believes that he was wrongly bound over for trial, he may seek leave to appeal, or may raise the issue in a subsequent appeal as of right if he is convicted. On review, an appellate court examines the evidence to determine whether the magistrate abused his discretion in making the bind-over decision. *People v Doss,* 406 Mich 90, 101; 276 NW2d 9 (1979). If a prosecutor is dissatisfied with a finding that no crime has been committed, or that there is not probable cause to believe the accused committed it, the proper procedure is

for a prosecutor to appeal to circuit court. *People v Nevitt,* 76 Mich App 402, 404; 256 NW2d 612 (1977), *Oakland County Prosecutor v 46th Dist Judge,* 72 Mich App 564; 250 NW2d 127 (1976), MCL 600.308; MSA 27A.308, MCL 770.12; MSA 28.1109.

There is no provision in statute or court rule that directly addresses whether a prosecutor may initiate new proceedings against a defendant who has been dismissed after a preliminary examination. The issue has been considered, however, in a series of cases in Michigan courts.

In *Missaukee Prosecuting Attorney v Missaukee Circuit Judge,* 85 Mich 138, 139; 48 NW 478 (1891), the Supreme Court, limiting its holding to double jeopardy grounds, found no bar to a prosecutor's instigation of a second proceeding after a defendant had been discharged upon a finding of no probable cause. The Court recognized that a defendant had not been placed in jeopardy at the preliminary examination, so further proceedings were possible. The Court observed, however:

"The law presumes that prosecuting attorneys, in bringing and conducting such examinations, will act in good faith towards both the people and the accused, and that they will not subject an accused person to a second examination without good reason." *Missaukee Prosecuting Attorney, supra,* 139.

Similarly, double jeopardy was found not to bar a subsequent arrest, examination and trial in *People v Miklovich,* 375 Mich 536, 539; 134 NW2d 720 (1965), *People v Kennedy,* 384 Mich 339; 183 NW2d 297 (1971), and *People v Panknin,* 4 Mich App 19, 23; 143 NW2d 806 (1966).

As defendants recognize, double jeopardy considerations come into play only when a defendant has

been placed in jeopardy, and that does not occur until a jury has been sworn, or, in a bench trial, until the first prosecution witness has been called. *Serfass v United States,* 420 US 377; 95 S Ct 1055; 43 L Ed 2d 265 (1975).

There likewise is no bar under the principle of res judicata to a subsequent prosecution. That principle applies only where there has been an adjudication on the merits. *Bray v Dep't of State,* 97 Mich App 33, 38; 294 NW2d 236 (1980), *lv gtd* 411 Mich 972 (1981). As the preliminary examination does not finally determine guilt or innocence, *People v Zaleski,* 375 Mich 71, 82-83; 133 NW2d 175 (1965), the doctrine of res judicata does not bar a repeated attempt to bind a defendant over for trial. *People v Riley,* 72 Mich App 299, 302; 249 NW2d 397 (1976).

Collateral estoppel, the corollary of res judicata, also is ineffective in preventing the prosecutor from taking a second "bite at the apple". *People v Price,* 69 Mich App 363, 369; 244 NW2d 363 (1976).

An accusation that the bringing of a second warrant and complaint constituted improper judge shopping was made in *People v Nevitt, supra.* While the Court did not directly consider whether the second complaint violated the accused's due process rights, the Court soundly criticized the procedure but considered itself bound by the Supreme Court's holding in *Miklovich, supra,* and found no error.

"In its opinion the circuit judge characterized the prosecutor's methods as 'judge shopping' and stated that such procedure was improper.

"We likewise find the prosecutor's methodology to be in actuality 'judge shopping' and find such tactics to be offensive. However, because we can find no law prevent-

ing this course of action, we feel constrained to reverse the circuit judge in this case." *Nevitt, supra,* 403.

However, just three months later, this Court in *People v Laslo,* 78 Mich App 257; 259 NW2d 448 (1977), suggested that if the facts of the case disclosed "shopping" or harassment, defendant's due process rights would be violated. The Court rejected the argument that the facts of the case showed harassment amounting to a due process violation and termed the prosecutor's reimposition of charges "ineptness". Laslo was not, however, the victim of suspect judge shopping and, at the second preliminary examination, the prosecutor was able to produce new information. The Court also observed in a footnote that Laslo was represented by court-appointed counsel and received credit for time served on each charge, so was not actually prejudiced.

This case, like *Laslo,* presents squarely the issue of whether defendants' due process rights were violated. Unlike the defendant in *Laslo,* however, these defendants were subjected to judge shopping, were told that no newly discovered evidence would be presented at the second preliminary examination, and were compelled to retain counsel at considerable expense to represent them in each proceeding.

Decisions in other jurisdictions hold that where due process rights are violated by practices which amount to harassment, a second prosecution without new evidence constitutes reversible error. In *Jones v Oklahoma,* 481 P2d 169 (Okla Crim, 1971), the court noted that it had cautioned prosecutors in previous cases that the appropriate method for challenging a refusal to bind over is to appeal. The court then held that "[w]hen an examining magistrate rules that the evidence offered by the State is

insufficient to hold the accused over for trial on the charge, such a ruling is binding and final on him and any other examining magistrate unless the State produces additional evidence or proves the existence of other good cause to justify a subsequent preliminary examination". *Id.,* 171.

In California, the Supreme Court carefully considered claims that a second preliminary examination after a finding that the testimony of the complaining witness in a marijuana sale case was incredible violated an accused's protections against double jeopardy and the doctrines of res judicata and collateral estoppel. The court majority rejected these arguments, but noted in a caveat:

"We acknowledge the possibility that, in a particular case, repeated prosecutions for the same offense could lead to harassment of the accused, and we have no doubt that the courts retain the inherent power to protect against serious abuses of prosecutorial discretion in this regard." *People v Uhlemann,* 9 Cal 3d 662, 669; 108 Cal Rptr 657; 511 P2d 609 (1973).

The majority, observing that no harassment had been alleged in that case, declined to reverse on this ground.

In several other jurisdictions, courts have cautioned against harassing a defendant by initiating a second prosecution without obtaining additional evidence. While the problem has not been addressed specifically under due process terms, the question of harassment is closely related to the traditional notion of due process as that which "comports with the deepest notions of what is fair and right and just". *Solesbee v Balkcom,* 339 US 9, 16; 70 S Ct 457; 94 L Ed 604 (1950), Frankfurter, J., dissenting. Massachusetts has warned against repeated hearings, "especially" if no additional

evidence is to be offered at the second hearing. *Juvenile v Commonwealth,* 375 Mass 104; 374 NE2d 1351 (1978) (case involving a juvenile transfer hearing). Likewise, Kansas has found no double jeopardy bar but cautioned that in a case of harassment resulting from groundless and vexatious prosecutions a defendant may seek injunctive relief. *State v Turner,* 223 Kan 707, 709; 576 P2d 644, 647 (1978). Wisconsin, too, has warned that the doctrine of fair play can be invoked to curtail harassment and has cautioned prosecutors that the proper way to protest an error at the preliminary examination level is to appeal. *Wittke v Wisconsin,* 80 Wis 2d 332; 259 NW2d 515 (1977), *State ex rel Beck v Duffy,* 38 Wis 2d 159; 156 NW2d 368 (1968). In Nevada, a prosecutor must have "good cause" for bringing a second prosecution. *McNair v Sheriff, Clark County,* 89 Nev 434; 514 P2d 1175 (1973).

Courts in a few other jurisdictions have directly addressed the issue of whether a second preliminary examination may violate a defendant's right to due process of law. As in the earlier cases in Michigan, the question is usually considered in terms of a double jeopardy problem. Thus, no bar to a second prosecution was found in *United States ex rel Rutz v Levy,* 268 US 390, 393; 45 S Ct 516; 69 L Ed 1010 (1925), *Commonwealth v Hetherington,* 460 Pa 17; 331 A2d 205 (1975), *Minnesota v Maki,* 291 Minn 427; 192 NW2d 811 (1971), *State v Thomas,* 529 SW2d 379, 382-383 (Mo, 1975), *Richmond v Wyoming,* 554 P2d 1217 (Wy, 1976). See also 21 Am Jur 2d, § 261, pp 458-460.

In many jurisdictions, a prosecutor is free to seek a second prosecution by proceeding through a grand jury, even after a magistrate has found no probable cause to bind a defendant over for trial.

This procedure has been upheld against double jeopardy challenges in New York, *People ex rel Hirschberg v Close,* 1 NY2d 258; 152 NYS2d 1; 134 NE2d 818 (1956), and New Jersey, *State v Boykin,* 113 NJ Super 594; 274 A2d 620 (1971), among other states. This procedure, which allows a prosecutor to circumvent a possibly biased magistrate, now functions, in part, to protect against abuses in the preliminary examination process, particularly in politically sensitive cases. As Michigan rarely uses a grand jury system, those states permitting reintroduction of charges through a grand jury are of little assistance in analyzing the issues raised in this case.[1]

We believe that this Court in *People v Laslo, supra,* first acknowledged the power, recognized in *Jones v Oklahoma, supra,* and many other jurisdictions, to curtail the state's right to repeatedly proceed against the individual in those limited instances when the repeated prosecution clearly constitutes harassment. In our opinion, the instant case is such an instance. Here, after initiating the appropriate appellate procedure, the prosecution asked that the appeal be dismissed because it was not supported by the record. Conceding that it had no evidence that was unavailable at the time of the first proceeding, the prosecution asked for a second opportunity to show probable cause, indicating it would add only evidence that we believe

---

[1] In an exhaustive law review article analyzing pretrial procedure in the Los Angeles courts, the authors recommend that a prosecutor's right to refile be restricted. Graham and Letwin, *The Preliminary Hearings in Los Angeles: Some Field Findings and Legal-Policy Observations,* 18 UCLA L Rev 636 (1971). The authors argue that permitting a second magistrate to review the same evidence in effect fosters a system of collateral review among coequal magistrates and encourages prosecutors to "shop the market for a sympathetic magistrate". *Id.,* 735. The article urges the California courts to adopt a system of appeals for prosecutors and to bar the reintroduction of charges in the absence of good cause.

was properly characterized by the dismissing judge as cumulative. Defendants, who were acting through retained counsel, objected. Under these circumstances, we find that the examining magistrate properly put a stop to harassing tactics and ordered that the second warrant and complaint be quashed.

Affirmed.