PEOPLE v HAYDEN

Docket No. 149158. Submitted January 20, 1994, at Ann Arbor.
Decided March 28, 1994; approved for publication May 18,
1994, at 9:00 A.M. Leave to appeal sought.

William D. Hayden was bound over for trial in the Oakland
Circuit Court on a charge of first-degree criminal sexual con-
duct following two preliminary examinations. The first prelimi-
nary examination had concluded in the dismissal of the charge
without prejudice. The defendant moved for suppression of
evidence of a confession, arguing that the confession had been
involuntary, and moved to have the information quashed and
the case dismissed, arguing that it was error to admit evidence
of the confession at the second preliminary examination be-
cause the prosecution had failed to establish first the corpus
delicti of the offense. The court, Hilda R. Gage, J., refused to
suppress evidence of the confession, but quashed the informa-
tion and dismissed the charge. The prosecution appealed, and
the defendant cross appealed.

The Court of Appeals *held:*

1. The corpus delicti of the charged offense was established
through the testimony of the complainant, who indicated both
that there was a specific injury and that the defendant's
criminal act was the source of that injury.

2. Dismissal of a charge at preliminary examination does not
bar under res judicata or collateral estoppel a subsequent
prosecution on the same charge.

3. The defendant's admission of guilt to a friend was properly
ruled admissible by the trial court in the absence of evidence
that the friend had coerced the defendant into confessing.

Affirmed in part and reversed in part.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Richard Thompson,* Pros-
ecuting Attorney, *Michael J. Modelski,* Chief, Ap-
pellate Division, and *Anica Letica,* Assistant Prose-
cuting Attorney, for the people.

*John F. Royal* and *Mary A. Mahoney,* for the defendant.

Before: Doctoroff, C.J., and Michael J. Kelly and D. G. Tyner,* JJ.

Per Curiam. The prosecutor appeals from a January 28, 1992, order of the Oakland Circuit Court quashing the information and dismissing the case against defendant. Defendant cross appeals an order of the same date denying his motion for suppression of evidence of a confession. Because the critical facts are undisputed and the case is controlled by existing law, we do not repeat them.

I

The corpus delicti was established by complainant's testimony, and the decision of the circuit court to dismiss the case is clearly erroneous. We reverse.

*People v Williams,* 422 Mich 381; 373 NW2d 567 (1985), established the rule that the corpus delicti of first-degree premeditated murder was shown by the death of the victim and some criminal agency as the cause. Later, in *People v Cotton,* 191 Mich App 377; 478 NW2d 681 (1991), we held that that new res gestae interpretation was not limited to homicide prosecutions, but "is satisfied in any criminal case if the prosecution shows that the specific injury or loss has occurred, and that some person's criminality was the source or cause of the injury." 191 Mich App 389. The Supreme Court denied leave to appeal in *Cotton,* 439 Mich 932 (1992). This Court has followed *Cotton. People v Metzler,* 193 Mich App 541; 484 NW2d 695 (1992); but see *People v Emerson (After Remand),* 203

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Mich App 345; 512 NW2d 3 (1994) (disagrees that *Williams* should control with regard to the question of the corpus delicti of felony murder).

Complainant's testimony at the second preliminary examination (adopted by agreement from the first) established both a specific injury (fellatio) and defendant's criminal act as the source of that injury. Accordingly, the preliminary examination testimony established the corpus delicti of the offense, and defendant's confession was then properly admitted through the testimony of witness Mary King.

Defendant is dead wrong in arguing that there is any preclusive effect to the dismissal at the first preliminary examination. Dismissal of a defendant at a preliminary examination is without prejudice to renewal of the charges. MCR 6.110(F) provides that a dismissal is "without prejudice to the prosecutor initiating a subsequent prosecution for the same offense," provided that the subsequent examination is held before the same magistrate and provided that the prosecutor presents additional evidence to support the charge. The rule is a reiteration of common-law principles long recognized in *People v Kennedy,* 384 Mich 339; 183 NW2d 297 (1971); *People v Miklovich,* 375 Mich 536; 134 NW2d 720 (1965); *People v Schoonover,* 304 Mich 355; 8 NW2d 95 (1943); *People v Laslo,* 78 Mich App 257; 259 NW2d 448 (1977); *People v Riley,* 72 Mich App 299; 249 NW2d 397 (1976). Specifically, dismissal of a prosecution at preliminary examination raises no bar under res judicata or collateral estoppel to a subsequent prosecution. *People v George,* 114 Mich App 204, 210; 318 NW2d 666 (1982), makes the point:

> There likewise is no bar under the principle of res judicata to a subsequent prosecution. That

principle applies only where there has been an adjudication on the merits. *Bray v Dep't of State,* 97 Mich App 33, 38; 294 NW2d 236 (1980), lv gtd 411 Mich 972 (1981). As the preliminary examination does not finally determine guilt or innocence, *People v Zaleski,* 375 Mich 71, 82-83; 133 NW2d 175 (1965), the doctrine of res judicata does not bar a repeated attempt to bind a defendant over for trial. *People v Riley,* 72 Mich App 299, 302; 249 NW2d 397 (1976).

Collateral estoppel, the corollary of res judicata, also is ineffective in preventing the prosecutor from taking a second "bite at the apple." *People v Price,* 69 Mich App 363, 369; 244 NW2d 363 (1976).

Hence, the magistrate's refusal to bind defendant over after the first preliminary examination means nothing. It is immaterial whether that refusal was based on the complainant's credibility, the failure to establish that the offense occurred, the failure to establish that defendant committed the offense, or the failure to establish the corpus delicti.

II

The question on cross appeal is whether Mary King's testimony regarding defendant's confession was admissible. The seventy-five-year-old defendant was a board member of the Childrens Visitation Program and a volunteer driver for them. The program is sponsored by the Michigan Council on Crime and Delinquency and takes children to visit their mothers at the Huron Valley Women's Prison. Mary King was coordinator of the program, and a friend of defendant through the program.

When defendant learned that he would be charged, he called King and told her that he might be going away for a long time, but refused to state

the reason. He intended to give her notice so that she could make arrangements for someone else to perform his volunteer service of twenty hours a week. Within the next two days, King called defendant twice to find out why he was going away. She feared that he might be sick, and she wanted to help him. They were friends and had helped each other with problems before. Defendant initially refused to discuss his problem. However, in the third telephone conversation on December 20, 1990, which lasted about eight minutes, King begged and pleaded with defendant to tell her where he was going. She was upset and cried. She did not try to overcome his resistance, but because she thought he had a health problem, she asked him several times where he was going. Eventually, he told her that he was being charged with first-degree criminal sexual conduct. He added, "It was an accident. [The boy] and I were playing around and he got an erection and I sucked him." According to King, defendant was not upset or crying when he confessed. He seemed fairly calm. The trial court denied the motion to suppress, and we affirm.

The decision of the trial court is not clearly erroneous. Absent a definite and firm conviction that the trial court erred, the Court of Appeals will affirm. *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972); *People v DeLisle,* 183 Mich App 713, 719; 455 NW2d 401 (1990). The appellate court examines the whole record and makes an independent determination of voluntariness. *DeLisle, supra* at 719. This record does not even suggest that the trial court's ruling is clearly erroneous and does not give rise to a definite and firm belief that a mistake has been committed.

Mary King had nothing to gain by reporting defendant's confession. She persisted in getting

defendant to tell her why he was going away because she liked him and feared that he had a health problem. She had no suspicion that defendant was being charged with a crime, and she was not soliciting a confession. When defendant did confess, he seemed fairly calm. King did not try to overcome his resistance.

On the other hand, defendant and his expert witness, Dr. Abramsky, had an obvious interest in establishing coercion. Although defendant claimed that King persisted, it was defendant who placed the first phone call, and neither of the later ones was longer than eight minutes. Defendant's characterization of King, that she pleaded, importuned, and insisted, is in marked contrast to King's testimony that she only persisted in knowing why defendant was leaving. Further, as the prosecutor points out, defendant had the option at any time to end the conversation or to tell King the nature of the charge against him, without actually confessing to it.

The order of January 28, 1992, which quashed the information and dismissed the case is reversed. The order of January 28, 1992, which denied defendant's motion to suppress the confession is affirmed.

Affirmed in part and reversed in part.