*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

ANTHONY MAYE,

        Defendant-Appellee.

FOR PUBLICATION
August 25, 2022
9:10 a.m.

No. 357233
Macomb Circuit Court
LC No. 2020-000160-AR

Before: BOONSTRA, P.J., and GADOLA and HOOD, JJ.

GADOLA, J.

Plaintiff appeals on leave granted the order of the circuit court reversing the order of the district court that denied defendant's motion to quash the warrant and complaint. We reverse and remand.

## I. FACTS

On August 26, 2019, police officers were surveilling the home of defendant, Anthony Maye, for suspected drug trafficking. When defendant left his home in his vehicle, the surveilling officers alerted a canine unit officer with the Michigan State Police, who thereafter stopped defendant's vehicle for a traffic infraction. The canine unit police dog circled the vehicle, then jumped into the vehicle. The canine unit officer related this information to the other officers, who then searched defendant's vehicle and discovered 125 grams of cocaine under the driver's seat and cash in the center console. The officers thereafter searched defendant's home with a warrant obtained based upon the evidence found during the search of defendant's vehicle. At defendant's home, the officers found 387 grams of cocaine in plastic bags, two digital scales with cocaine residue, and four guns, one of which had been reported stolen. Defendant was charged with possession with intent to deliver 450 or more grams but less than 1,000 grams of cocaine, MCL 333.7401(2)(a)(*ii*); possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; receiving and concealing stolen property, MCL 750.535; felon in possession of a firearm, MCL 750.224f; and maintaining a drug house, MCL 333.7405(1)(d).

At the preliminary examination before the district court, Sergeant Travis Crooks with the St. Clair Shores Police Department testified that he was involved in the surveillance of defendant's

home and that he was present during the traffic stop of defendant's vehicle by the canine unit trooper. Sergeant Crooks testified that he watched as the police dog circled the vehicle, and that the dog made "an indication" to the canine unit trooper that drugs were in the vehicle before jumping in the vehicle. The district court sustained the defense objection that Sergeant Crooks was not an expert in canine training and identification and precluded Sergeant Crooks from testifying regarding what the dog indicated. Sergeant Crooks then testified that after the canine unit trooper removed the dog from the vehicle, the trooper made a statement to Crooks, and Crooks then searched the vehicle, discovering the drugs and the cash in the vehicle. Sergeant Crooks testified that the police subsequently executed a search of defendant's home, finding additional cocaine, drug paraphernalia, and guns.

The prosecutor requested to continue the preliminary examination to enable her to call the canine unit trooper to explain that the police dog indicated to the officers that drugs were located in defendant's vehicle before the officers searched the vehicle. After the prosecution explained what she anticipated the canine unit trooper would say if called to testify, defense counsel stipulated to certain proposed testimony for purposes of expediency. In light of the stipulation, the prosecutor rested her case and requested that the trial court bind over defendant as charged, or permit her to call the canine unit officer as a witness.

The district court then ruled on the bindover request. The district court held that the traffic stop was constitutional because the officers had a valid basis to stop defendant, but that the search of the vehicle was not supported by probable cause because there was "no testimony here as to what the dog alerted to . . . outside of the vehicle. We did not have M.S.P. [the canine unit officer] here today. We had an officer, who is not a trained canine officer; who cannot testify as to what a canine's alerts indicate or don't indicate." The prosecutor requested to continue the preliminary examination at a future date to enable her to call the canine unit trooper as a witness, or a stay of proceedings to enable an appeal to the circuit court. The district court denied the stay, amended Count I to specify delivery of 50 to 450 grams, MCL 333.7401(2)(a)(*iii*), and bound defendant over on Counts II, III, and V. The district court did not find probable cause to bind defendant over on Count IV, felon in possession of a firearm, because there was no certified copy of conviction offered into evidence.

Before the circuit court, defendant moved to quash the search warrant and complaint, arguing that the search of the home was unconstitutional because it was based on the illegal search of the car. The prosecution requested that the charges be dismissed, and the circuit court dismissed the charges. The prosecution then refiled the same charges initially filed against defendant.

Once again in the district court, defendant moved to quash the warrant and complaint, arguing that the prosecution was collaterally estopped from again charging him with possession of the cocaine because the district court had previously ruled that the search of the vehicle was unlawful. The district court denied defendant's motion, explaining that its earlier dismissal of Count I of the complaint was without prejudice to the refiling of the charge and rejecting defendant's assertions that he was prejudiced by the refiling of the charge.

The circuit court granted defendant leave to appeal the order of the district court. Before the circuit court, defendant contended that the prosecution was collaterally estopped from refiling the same charges because the district court's order was final. The prosecutor contended that the

district court had determined only that there was insufficient evidence to support binding defendant over to the circuit court on the possession count and felon in possession of a firearm count, and that the prosecutor was therefore free to refile the charges and offer additional evidence to support the charges.

The circuit court held that collateral estoppel barred reauthorization of Count I of the complaint that charged defendant with possession of the cocaine. The circuit court explained:

> Here, the refusal to bind Appellant over after the preliminary examination was not based on a failure to present certain evidence, but the district court's determination that the evidence submitted was the result of an illegal search which would preclude its consideration. Therefore, the Court does not find that prior caselaw or the Michigan Court Rules preclude this Court from applying collateral estoppel in this case, because the district court made a determination on a factual issue. The proper procedure for Appellee thereafter was to file a motion for reconsideration or an appeal of the decision, rather than attempting a second bite at the apple by dismissing and refiling the charges.

This Court granted the prosecutor's application for leave to appeal from the order of the circuit court, limited to the issues raised in the application for leave to appeal and the supporting brief. *People v Maye*, unpublished order of the Court of Appeals, entered September 13, 2021 (Docket No. 357233).

## II. DISCUSSION

The prosecution contends that the circuit court erred by reversing the decision of the district court, which denied defendant's motion to quash the charges against him, rejecting defendant's contention that collateral estopped barred the refiling of the complaint. We agree.

The district court's decision to grant or deny a motion to quash an information is reviewed for an abuse of discretion. *People v Simon*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 354013); slip op at 5. An abuse of discretion occurs when the court does not select a reasonable and principled outcome. *People v Anderson*, 501 Mich 175, 189; 912 NW2d 503 (2018). To the extent that a lower court's decision on a motion to quash an information is based upon interpretation of the law, we review the decision de novo. *Simon*, ___ Mich App at ___; slip op at 5.

Preliminary examinations are governed by MCR 6.110. *People v Dunbar*, 463 Mich 606, 612; 625 NW2d 1 (2001). Under MCR 6.110(E), if the district court determines that probable cause exists to believe the defendant committed an offense not cognizable by the district court, the district court must bind the defendant over to the circuit court for trial. Under MCR 6.110(F),

> [i]f, after considering the evidence, the court determines that probable cause does not exist to believe either that an offense has been committed or that the defendant committed it, the court must discharge the defendant without prejudice to the prosecutor initiating a subsequent prosecution for the same offense or reduce the charge to an offense that is not a felony. Except as provided in MCR 8.111(C), the

-3-

subsequent preliminary examination must be held before the same judicial officer and the prosecutor must present additional evidence to support the charge.

In accordance with this court rule, "the prosecution may reinstate the charges against a defendant where it seeks to present 'additional evidence' at the second examination to the same magistrate who presided over the defendant's preliminary examination." *People v Robbins*, 223 Mich App 355, 361; 566 NW2d 49 (1997). Under MCR 6.110(F), additional evidence is not limited to newly-discovered evidence. *Id*.

In this case, the district court found that probable cause did not exist to bind defendant over on the charge of possession with intent to deliver 450 or more grams of cocaine but less than 1,000 grams of cocaine, MCL 333.7401(2)(a)(*ii*), because the prosecution failed to present evidence that the officers had probable cause to search the vehicle. Because the district court did not bind defendant over on the possession charge as charged in the complaint, the district court discharged defendant as to that charge "without prejudice to the prosecutor initiating a subsequent prosecution for the same offense." MCR 6.110(F). The prosecution thus was entitled to reinstate that charge against defendant to seek to present additional evidence at the second preliminary examination before the magistrate who presided over the first preliminary examination. See *Robbins*, 223 Mich App at 361.

Defendant argues that the prosecutor could not refile the charges against him in this case because the district court's ruling that the search of the car was unconstitutional bars relitigation of that issue in the second prosecution under the doctrine of collateral estoppel. "Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was (1) actually litigated, and (2) necessarily determined." *People v Gates*, 434 Mich 146, 154; 452 NW2d 627 (1990). To satisfy the "actually litigated" requirement, the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue. *Gates*, 434 Mich at 156-157. An issue is "necessarily determined" "only if it is 'essential' to the judgment." *Id*. at 158 (citation omitted).

However, "dismissal of a prosecution at preliminary examination raises no bar under res judicata or collateral estoppel to a subsequent prosecution." *People v Hayden*, 205 Mich App 412, 414; 522 NW2d 336 (1994). Rather, "[d]ismissal of a defendant at a preliminary examination is without prejudice to renewal of the charges." *Id*. In *Hayden*, this Court explained that under MCR 6.110(F), and consistent with common law principles, neither res judicata nor collateral estoppel precluded the prosecutor from refiling charges where the same magistrate presided over both examinations and the prosecutor presented additional evidence to support the charge. *Id*. at 414. This Court further observed that for purposes of the prosecutor refiling the charges, it was immaterial what issue the prosecution had failed to establish initially. *Id*. at 415.

Similarly, in *People v Price*, 69 Mich App 363, 364; 244 NW2d 363 (1976), the lower court quashed the information on the ground that the arresting police officers lacked probable cause to conduct a warrantless arrest and search of the defendant. The prosecution filed a second complaint involving the same matter, and another preliminary examination was held. At the second examination, additional evidence was presented, and the defendant was bound over and later convicted. On appeal, the defendant argued that collateral estoppel precluded the reissuing

of a warrant and information on the same facts. *Id.* at 369. This Court rejected the defendant's argument:

> [T]he collateral estoppel rule would not be applicable to the instant case since there was no determination of an 'ultimate fact,' . . . at the initial preliminary examination. The dismissal which occurred at the first proceeding was a reflection of the examining magistrate's judgment that the evidence was insufficient to justify a warrantless arrest and search. This deficiency was properly cured to the satisfaction of the trial judge in the subsequent preliminary examination. [*Id.* at 370-373.]

Similarly, the district court in this case ruled at the preliminary examination that the prosecution failed to present evidence that the police dog had indicated that drugs were present in defendant's vehicle, and thus had failed to present evidence of probable cause for the police to search the vehicle. This was not a determination of an ultimate issue of fact, but rather was a determination that the evidence was insufficient to justify a warrantless search, which could be cured at a subsequent preliminary examination. See *id.*

The circuit court in this case held that "the refusal to bind Appellant over after the preliminary examination was not based on a failure to present certain evidence, but the district court's determination that the evidence submitted was the result of an illegal search which would preclude its consideration." This is a mischaracterization of what the district court ruled. Contrary to the circuit court's conclusion, the district court's refusal to bind over defendant on the drug possession count was based entirely on the prosecution's failure to present certain evidence, namely, evidence that the police dog had alerted the officer to the presence of drugs in defendant's vehicle; the district court concluded that the search was illegal only in the absence of evidence of probable cause. The district court's dismissal of the possession charge at the initial preliminary examination for failure to present sufficient evidence did not collaterally estop subsequent prosecution. See *Hayden*, 205 Mich App at 414. To the extent that the circuit court concluded that collateral estoppel barred the refiling of the charges against defendant, the circuit court erred.

Reversed and remanded. We do not retain jurisdiction.


/s/ Michael F. Gadola
/s/ Mark T. Boonstra