Per Curiam.
Faced with an adverse ruling that would have required a police officer to provide information that likely would have allowed the accused to determine the identity of the confidential informant in his case, the assistant prosecuting attorney moved to dismiss during the preliminary examination. At a second examination, a different judge ruled in the prosecution’s favor on the disputed point and bound the defendant over for trial. The circuit court dismissed this criminal prosecution on the ground that the defendant was denied due process of law. The Court of Appeals affirmed. We reverse. MCR 7.302(F)(1).
i
A confidential informant told a Muskegon police officer that the defendant possessed cocaine.[1] Later that day, the officer found the defendant walking along a local street. The officer approached the defendant, telling him to remove his hands from his pock *608 ets. At first, the defendant removed only one hand. Told to remove his other hand, the defendant did so, grasping plastic bags that later were found to contain drugs. The defendant was arrested and charged with two drug offenses.[2]
A visiting judge convened a preliminary examination,[3] at which the officer testified regarding the facts set forth above. On cross-examination, as defense counsel asked the officer about the informant, the following occurred:
Q. ... On this particular day, on January 27th, 1999, [the day the officer arrested defendant] did you personally have contact with this person [the confidential informant]?
A. Yes I did.
Q. And what time did the informant indicate to you the information that he conveyed.
[Assistant Prosecutor]: Your Honor, I’d object to that. Time isn’t relevant in this matter. There is case law that protects the confidentiality of a confidential informant by not requiring the specifics of time and location to be divulged. And, again, if, obviously, the Defendant was charged with— with the actions that occurred when the Cl was present, then that would become relevant, but that’s not the case at this point.
The Court: Well, I find the contrary to be true. The proximity of the time that he was informed that we have an alleged felon running around here, I think, is important as *609 to whether he acted fortuitously and propitiously at the time.
[Assistant Prosecutor]: Your Honor, again, I’d ask the Court to allow me to supply case law, because, again, that could jeopardize . . .
The Court: Let’s just go. Let’s just proceed.
[Defense Counsel]: Your Honor, I . . .
[Assistant Prosecutor]: Your Honor, the People are moving to dismiss the case, then, your Honor, if you’re going to force our hand on that. We will move to dismiss.
The Court: I’m not forcing your hand on anything.
[Assistant Prosecutor]: Maybe I misunderstood the Court, then. Is the Court . . .
The Court: No. Im just saying there is a matter — Does he have probable cause to make contact with him — Proximity of time. That is an element.
[Assistant Prosecutor]: He’s indicated it was that day, your Honor. I don’t think he has to get to within the hour.
The Court: Well, he didn’t say that.[4] We never got around to his answering that question.
[Assistant Prosecutor]: He did say on direct, your Honor.
The Court: No. He never got around to answering [defense counsel’s] question. [Defense counsel] is interested in knowing, first, it was on that day what time that day, “How long before you made the arrest.” I think he has a right to know that.
[Assistant Prosecutor]: I am going to move to dismiss the case, your Honor. I am not going to force this officer to do that.
The Court: Well . . .
[Assistant Prosecutor]: Again, in this situation — I would ask the Court, your Honor, to allow me to supply case law. This is a serious felon. We’ve also got a situation where a confidential informant could be jeopardized — their safety. Individuals that are involved in drug trade often, your Honor, will intimidate and even physically injure confiden *610 tial informants. I would think it would be appropriate for the Court to at least look at our case law. I think it supports the position . . .
The Court: Well, why don’t you come prepared with it.
[Defense Counsel]: Well, your Honor, I guess in response, the Prosecutor . . .
[Assistant Prosecutor]: Five minutes is all I need, your Honor.
[Defense Counsel]: . . . the Prosecutor has indicated that — and I think the Court is aware that his particular information — and I don’t question that there is case law that suggests that there are limits on Defense’s ability to probe into who and where and when and what a confidential informant is. My problem is is that that is the sole basis for the officer’s contact with Mr. Dunbar in this case, and if the Prosecutor, as the Court has just indicated, knowing that long ago, chooses not to disclose, then he certainly is free to dismiss, and we don’t object.
[Assistant Prosecutor]: Judge, I’m asking for five minutes to supply the Court with the case law.
The Court: I’m not interested. Dismiss it, then.
[Assistant Prosecutor]: Your Honor, the People in this matter will move to dismiss.
The Court: All right. Dismiss it and start it all over again.
Later that day, the prosecuting attorney issued a new complaint and obtained a new warrant. Thirteen days later, a second preliminary examination was conducted by a different judge.[5]
*611 The second examination proceeded in nearly identical fashion to the point where defense counsel[6] again asked when the officer had met with the confidential informant. When the assistant prosecutor interposed the same objection, a similar argument ensued.
The court eventually ruled that defense counsel could inquire whether the conversation had occurred within the preceding eight hours, but the court would not allow the questioning to be more specific than that. At the conclusion of the preliminary examination, the defendant was bound over for trial.
In circuit court, the defendant filed a motion to suppress and to quash. He argued that evidence taken at the time of the arrest should be suppressed because there was insufficient cause for the stop, that he should not have been bound over for trial because there was insufficient admissible evidence, and that the second examination, following the dismissal during the first, was a denial of due process.
The circuit court granted the motion to quash, agreeing that the defendant had been denied due process. The court’s oral opinion is well summarized in its ensuing order:
Defendant’s motion to quash the bindover is granted for the reason that the defendant’s United States Fourth [sic] Amendment right to due process of law was violated when the prosecutor dismissed the case during a preliminary examination and immediately reauthorized the same complaint causing the case to be assigned to a different judge. The court finds that the prosecutor did so to avoid an *612 adverse ruling and did no further investigation. Further the court finds the prosecutor presented the same evidence at the second preliminary examination, this time obtaining a favorable result.
The court finds the prosecutor’s actions to be inappropriate harassment or forum shopping pursuant to People v George, 114 Mich App 204; 318 NW2d 666 (1982), lv den 414 Mich 931 (1982), and other, later, cases noted in the transcript of the 8/4/99 hearing. Therefore the case is dismissed and the defendant discharged.
The prosecuting attorney appealed, but the Court of Appeals affirmed.[7]
In the wake of that affirmance, the prosecuting attorney has applied to this Court for leave to appeal.
n
MCR 6.110 governs preliminary examinations. Sub-rule (F) provides:
If, after considering the evidence, the court determines that probable cause does not exist to believe either that an offense has been committed or that the defendant committed it, the court must discharge the defendant without prejudice to the prosecutor initiating a subsequent prosecution for the same offense. Except as provided in MCR 8.111(C),[8] the subsequent preliminary examination must be *613 held before the same judicial officer and the prosecutor must present additional evidence to support the charge.
Plainly, MCR 6.110(F) is silent on the question whether it is permissible to conduct a subsequent preliminary examination where an initial examination has resulted in a dismissal that occurs before the district court makes a determination whether there is probable cause.[9]
In the present case, the Court of Appeals noted the inapplicability of the rule, and then based its decision on principles drawn from its own prior decisions:
In addition to the provisions of the court rule, subjecting a defendant to repeated preliminary examinations violates due process if the prosecutor attempts to harass the defendant or engage in judge-shopping. People v Robbins, 223 Mich App 355; 566 NW2d 49 (1997). Among the factors to be considered in determining whether a due process violation has occurred are the reinstitution of charges without additional, noncumulative evidence not introduced at the first preliminary examination, the reinstitution of charges to harass, and judge-shopping to obtain a favorable ruling. People v Vargo, 139 Mich App 573, 578; 362 NW2d 840 (1984).
In Robbins, the first preliminary examination went through to conclusion, with the magistrate ruling that the evidence was insufficient for a bindover. Additional evidence was presented at a second examination, and the defendant was then bound over for trial. *614 On appeal, the Court of Appeals explained that MCR 6.110(F) allows a second preliminary examination if “additional” evidence — which need not be newly discovered — is presented at the second examination. The Robbins panel added:
Our holding should not be construed to encourage a prosecutor to subject a defendant to repeated preliminary examinations. We reaffirm this Court’s holding that subjecting a defendant to repeated preliminary examinations violates due process if the prosecutor attempts to harass the defendant or engage in “judge-shopping.” People v Stafford, 168 Mich App 247, 251; 423 NW2d 634 (1988);[10] People v Vargo, 139 Mich App 573, 578; 362 NW2d 840 (1984).[11] [223 Mich App 363.]
Stating its reliance on those principles, the instant Court of Appeals panel reached the following conclusion regarding the case before us today:
*615 The circuit court did not clearly err in finding that defendant’s due process rights were violated in this case. Where the prosecutor did not present any additional evidence, and did not cite any legal authority for his argument, he presented exactly the same case to two different judges. The circuit court could reasonably conclude that the prosecutor engaged in impermissible judge-shopping. Id.; People v George, 114 Mich App 204; 318 NW2d 666 (1982).[12]
m
The issue in this case is whether the circuit court erred in quashing the information on the legal ground that defendant’s due process rights were violated as a result of prosecutorial misconduct. Thus, this case presents a constitutional question which we review de novo. People v Sierb, 456 Mich 519, 522; 581 NW2d 219 (1998).
iv
The circuit court and the Court of Appeals have premised their rulings on the assumption that the assistant prosecutor was engaged in impermissible judge-shopping. A careful review of the record, how *616 ever, does not support that conclusion. The assistant prosecutor’s stated intent was to avoid divulging the identity of a confidential informant, lest the informant come to harm. When the court overruled the prosecutor’s objection, the prosecutor had no choice but to dismiss the charges or to require the officer to provide information that likely would allow the defendant to determine the identity of the confidential informant. Absent evidence of pretext, or an underlying contrary motive, nothing in the record suggests that the dismissal was designed to accomplish anything other than the prosecutor’s stated intent.
We note that the prosecutor did not immediately seek to dismiss the case when the judge indicated that he thought defense counsel was entitled to have the police officer specifically indicate when he had spoken to the confidential informant. Faced with this preliminary ruling, the assistant prosecutor merely asked the court for a five-minute recess so he could locate authority in support of his position. This does not suggest that the assistant prosecutor intended to engage in judge-shopping. Moreover, the reaction of the judge to the assistant prosecutor’s statement that he would dismiss if he could not have five minutes to locate the authority, does not suggest that the judge believed the matter was being set up for judge-shopping to occur. Indeed, the judge specifically indicated that the prosecutor could dismiss the case and “start it all over again.” Finally, as the circuit judge recognized, there is no evidence that the assistant prosecutor knew the identity of the second judge. Given the fact that the visiting judge had visited with some regularity, it was by no means certain that a dis *617 missal would result in the case being heard by a different judge.
Accordingly, there is no record evidence to support the circuit court’s determination that the assistant prosecutor sought a dismissal of the charges in hope of obtaining a more favorable substantive result before a different judge. Nor is there any reason to assume the assistant prosecutor, an officer of the court, was not telling the truth when he explained his reasons for the dismissal.[13] Because the assistant prosecutor’s apparent objective was to prevent the disclosure of the confidential informant’s identity, the cases relied on by the circuit court and Court of Appeals do not support the decision to dismiss this prosecution. A prosecutor who seeks dismissal, under *618 circumstances such as these, is simply not “judge-shopping.”[14]
For these reasons, we reverse the judgments of the Court of Appeals and the circuit court, and reinstate the bindover decision of the district court. We remand this case to circuit court for further proceedings, including a decision on the defendant’s motion to suppress.
Corrigan, C.J., and Weaver, Taylor, Young, and Markman, JJ., concurred.

 This case has not been tried. These introductory facts, which we offer to explain the context of later rulings, are taken from the preliminary examination transcripts.

 The defendant is charged with possession of less than 50 grams of cocaine with intent to deliver, and with possession of marijuana with intent to deliver. MCL 333.7401(2)(a)(iv), (d)(iii); MSA 14.15(7401)(2)(a)(iv), (d)(iii). On the basis of a 1993 conviction for attempted delivery of less than 50 grams, the prosecuting attorney also gave notice that the defendant is subject to an enhanced sentence. MCL 769.10; MSA 28.1082.

 On the date initially set for examination, the defendant asked for appointment of counsel, which led to an adjournment. On the date to which the examination was adjourned, the assigned judge was in another state. Thus, the visiting judge presided.

 This was in error, as the officer had testified that he had spoken with the informant earlier in the day that he arrested the defendant.

 It is not clear how the case came to the courtroom of the second district judge. When the parties discussed the matter, the second judge offered to transfer the case back to the assigned judge. Defense counsel observed, however, that the assigned judge had not presided at the first examination, so the second examination would be conducted by a new judge in either event (apparently there was no thought of bringing back the visiting judge to hear this matter again). In response to the offer to move the case back to the assigned judge, defense counsel said, “If we’re going to get a new judge, hopefully it shouldn’t matter which one.” Asked what he wanted to do, defense counsel replied, “Let’s go.” The matter was then heard by the second judge.

 At the second examination, the defendant was represented by a partner of the lawyer who represented him at the first. The assistant prosecuting attorney was also new. Both lawyers, however, were familiar with what had occurred at the first examination.

 Unpublished opinion per curiam, issued May 9, 2000 (Docket No. 221978).

 If a judge is disqualified or for other good cause cannot undertake an assigned case, the chief judge may reassign it to another judge by a written order stating the reason. To the extent feasible, the alternate judge should be selected by lot. The chief judge shall file the order with the trial court clerk and have the clerk notify the attorneys of record. The chief judge may also designate a judge to act temporarily until a case is reassigned or during a temporary absence of a judge to whom a case has been assigned. [MCR 8.111(C).]

 Because the court rule does not address the situation at hand, the dissent’s claim that we are undermining the court rule by indirection is without merit. However, concomitant with issuance of this opinion, we are opening an administrative file to consider whether to revise MCR 6.110(F) to include situations where a dismissal occurs during a preliminary examination.

 In Stafford, the defendant was charged with open murder and bound over on a charge of involuntary manslaughter. The prosecuting attorney moved the circuit court to remand the case to district court for further examination. The motion was granted and, after the second examination, the defendant was bound over on a charge of second-degree murder. After a jury found her guilty of manslaughter, she appealed. The Court of Appeals found the remand erroneous and further held that the evidence was insufficient for the second-degree murder bindover. This Court agreed that it was error to bind the defendant over on the second-degree murder charge, and thus did not reach the question whether the remand had been proper. People v Stafford, 434 Mich 125, 132; 450 NW2d 559 (1990).

 The magistrate in Vargo dismissed the charge after a preliminary examination. The prosecutor issued a new complaint and reinstituted the charge. Additional evidence was presented at the second examination, which took place before the same judge. The Court of Appeals found no denial of due process, saying that, “[w]hile the new evidence could have been introduced at the first preliminary examination, the failure to do so was more a product of neglect than a deliberate attempt to harass defendant.” 139 Mich App 578.

 The opening paragraph of George summarizes the case:
When a trial judge has found no probable cause to hold a defendant for trial and the prosecutor has appealed that decision, may the prosecutor seek to dismiss the appeal and bring new charges against the defendant when he has discovered no new evidence? We believe that, on the facts of this case, this procedure violates a defendant’s right to due process of law. [114 Mich App 206.]
The Court of Appeals said in George that a second preliminary examination was not double jeopardy, and did not violate principles of res judi-cata or collateral estoppel. In finding a due process violation, however, the Court of Appeals observed that “these defendants were subjected to judge shopping.” 114 Mich App 211.

 All licensed attorneys in Michigan are subject to the following provisions intended to ensure candor:
(1) this state’s licensure of attorneys, MCL 600.901; MSA 27A.901, provides that the members of the State Bar of Michigan are officers of the courts of this state, and in order to obtain a license to practice law one must prove to the satisfaction of the Board of Law Examiners that one is “a person of good moral character,” MCL 600.934(1); MSA 27A.934(1), which is defined to mean “the propensity on the part of the person to serve the public in the licensed area in a fair, honest, and open manner,” MCL 338.41; MSA 18.1208(1);
(2) the solemn oath, as prescribed by this Court pursuant to MCL 600.913; MSA 27A.913, taken by a lawyer before a Michigan judge upon admission to the bar, wherein the applicant solemnly swears never to mislead the judge or jury by any artifice or false statement of fact or law;
(3) MRPC 3.3, which provides that “[a] lawyer shall not knowingly make a false statement of material fact or law to a tribunal”; and
(4) MCR 9.103(A), which provides that a license to practice law “is a continuing proclamation by the Supreme Court that the holder is fit to be entrusted with professional and judicial matters and to aid in the administration of justice as an attorney and counselor and as an officer of the court.”
Therefore, in the absence of evidence to the contrary, we will accept a licensed attorney’s assertion to a court.

 The dissent, believing defendant’s due process rights were violated, would affirm a dismissal of all charges against defendant. We question that this remedy would be appropriate even if we were persuaded that the assistant prosecutor had engaged in judge-shopping. In such a situation, we likely would remand to the Court of Appeals to determine whether the proper remedy would be continuation of the original examination before the original judge, rather than a dismissal with prejudice, inasmuch as jeopardy had not attached.