# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DERRIVIS LEONARD PARKER,

      Defendant-Appellant.

UNPUBLISHED
December 23, 2014

No. 317737
Wayne Circuit Court
LC No. 12-004602-FH

Before: MURRAY, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of unlawful imprisonment, MCL 750.349b, felon in possession of a firearm, MCL 750.224f, two counts of assault with a dangerous weapon (felonious assault), MCL 750.82, and possession of a weapon during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 18 to 66 years' imprisonment for the felon in possession of a firearm and unlawful imprisonment convictions, 10 to 15 years' imprisonment for the felonious assault convictions, and two years' imprisonment for the felony-firearm conviction. He appeals by leave granted.[1] Because defendant was denied the effective assistance of counsel during plea proceedings, we vacate defendant's judgment of sentence and remand with instructions that the prosecution reoffer the plea agreement and for further proceedings consistent with *Lafler v Cooper*, 566 US __; 132 S Ct 1376; 182 L Ed 2d 398 (2012).

Defendant's convictions arose from a domestic disturbance that occurred on the night of April 23, 2012 and into the morning hours of April 24, 2012, in Detroit, Michigan. During that time, defendant went to the home of his girlfriend, Renee Hogan, and terrorized her, and several of her family members, because he suspected that Hogan had been unfaithful. Armed with a knife and a gun, he punched walls, broke windows, and stabbed doors as well as a mattress while Hogan was sitting on it. At some point, he "dragg[ed]" Hogan from her house and escorted her to another home nearby, where he kept her for several hours. He also returned to Hogan's home and poured gasoline throughout her basement. During the course of the evening Hogan asked

---

[1] *People v Parker*, unpublished order of the Court of Appeals, entered January 23, 2014 (Docket No. 317737).

defendant to let her go, and he responded, "No, if I can't have you, nobody can." Eventually police responded and defendant was apprehended. As a result of his actions, defendant was charged with unlawful imprisonment, arson (involving preparation to burn property), felon in possession of a firearm, two counts of felonious assault, and felony-firearm. Defendant was also notified that he was being charged as a fourth-offense habitual offender.

Shortly before trial, the parties worked out a plea agreement. Defendant agreed to plead guilty to all charges in exchange for a sentence within the guidelines range and withdrawal of the fourth-offense habitual offender notice. The trial court indicated that it would abide by this agreement.

Consistent with this agreement, defendant signed a written form indicating that he wished to enter a plea and, on the day defendant's trial was scheduled to begin, a plea hearing was held. At that hearing, the trial court detailed the crimes charged, the possible prison sentence faced by defendant for each offense, and the particulars of the plea agreement. The trial court then advised defendant of the specific rights that defendant would be giving up by pleading guilty. Defendant indicated repeatedly that he wished to enter a plea and, in response to questions from the trial court, confirmed that his decision to enter a plea was freely, voluntarily and understandingly made. The trial court then elicited from defendant the factual basis for his plea.

After all these steps toward accepting defendant's plea had been taken in keeping with MCR 6.302, the following exchange occurred:

> *The Court.* The Court will accept your guilty plea to unlawful imprisonment, a violation of MCL 750.349b and - -
>
> *Defense Counsel.* I think we've addressed - -
>
> *The Court.* Hold on for one second. Does this or does this not expose the defendant to the requirement of sexual offender registration act?
>
> *The Prosecutor.* This charge does, Your Honor.
>
> *The Court.* The unlawful imprisonment charge?
>
> *The Prosecutor.* That is correct, Your Honor.
>
> *The Court.* Do you understand that?
>
> *Defendant.* No.
>
> *The Court.* That was contained within the information.
>
> *Defense Counsel.* That is correct, Your Honor.
>
> *The Prosecutor.* Oh, no, I didn't know that.

*Defense Counsel.* Your Honor, I went over each of the counts in this information back - - I think it was back in July that I went over these with the defendant. So, I'm sorry, Your Honor, I guess at this point - -

*Defendant.* I'm sorry, Your Honor. That is something I just cannot accept.

*The Court.* Okay, all right.

*Defendant.* I am so sorry.

*The Court.* No, no, there's no need to apologize. You're entitled to a jury trial relative to these allegations brought against you. Bring the jury in.

At that time, the jury was brought in, and following trial defendant was convicted and sentenced as noted above.

Notably, it is uncontested that the Sex Offenders Registration Act (SORA), MCL 28.721 et seq., requirements referenced by the trial court at the plea hearing did *not* apply to defendant. Although a defendant convicted of unlawful imprisonment may be required to register as a sex offender, this is only true where the victim is a minor. See MCL 28.722(s)(*iii*). Hogan was not a minor, meaning that, even if convicted, defendant would not have been required to register as a sex offender. In short, on the record, the prosecutor erroneously informed the trial court that defendant's plea would expose him to SORA's registration requirements, the trial court imparted that information to defendant, defense counsel took no steps to correct the trial court's misapprehension, and defendant reneged on the plea agreement at the last moment because registration as a sex offender was something he could not "accept."

After trial, defendant moved for a new trial premised on a claim of ineffective assistance of counsel. He maintained that he had been incorrectly informed that he would have to register as a sex offender if convicted and that it was not until after trial that he learned the SORA registration requirements were not applicable in his case. Defendant asserted that, had he been properly advised, he would have entered a plea pursuant to the agreement offered by the prosecution.

Following defendant's motion, the trial court held a *Ginther*[2] hearing at which both defendant and his trial counsel testified. Defendant testified that defense counsel informed him before the plea proceedings that he "might" have to register as a sex offender and that it was not until after trial that she finally told him definitively that he would not have to register. In contrast, defense counsel testified that she explained to defendant before the plea hearing that he would not have to register, that the plea form signed by defendant did not reference registering as a sex offender, and that the felony information relating to defendant's charges, which she reviewed with defendant, stated defendant would have to register *if* the victim was a minor. She

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

further maintained that, at the plea hearing, when the question of SORA registration was raised, she told defendant, out of the hearing of the court reporter, that he would not have to register as a sex offender.

Following the *Ginther* hearing, the trial court concluded that defendant had not been denied the effective assistance of counsel and it consequently denied defendant's motion. The trial court accepted defense counsel's testimony that she had informed defendant that he would not have to register as a sex offender because the victim was not a minor, and the trial court noted that the felony information stated that unlawful imprisonment was a Tier I offense if the victim was a minor. Considering these facts, the trial court reasoned as follows:

> With the presumption that the defendant had received effective assistance of counsel . . . coupled with defense counsel's recommendation to the defendant that he enter a plea, and that the requirement of registering as a sexual offender would not apply to him due to the age of the victim, the defendant received effective assistance of counsel, both prior to the plea attempted, during the plea process, and during the subsequent trial that ensued, following the aborted plea.

After the trial court denied his motion, defendant filed a delayed application for leave to appeal in this Court, which we granted.

On appeal, defendant contends that his trial counsel rendered ineffective assistance of counsel by providing him erroneous advice, and/or failing to correct erroneous advice, in relation to whether or not he would be required to register as a sex offender. Defendant asserts that, but for counsel's deficient performance, he would have pled guilty pursuant to the proffered plea agreement. Because he faced a significantly higher sentence following his conviction at trial, defendant maintains he has shown prejudice arising from counsel's defective performance and that he is, therefore, entitled to have the plea offer reinstated.

Whether a defendant has been denied effective assistance of counsel presents a mixed question of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "A judge first must find the facts, and then must decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *Id.* On appeal, we review the lower court's findings of fact for clear error. *Id.* Questions of constitutional law are reviewed de novo. *Id.*

Criminal defendants have a right under the United States and Michigan constitutions to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012). A defendant's constitutional right to counsel extends to the plea bargaining process. *Lafler*, 132 S Ct at 1384 (citation omitted). As when challenging counsel's performance at trial, a defendant claiming ineffective assistance of counsel during the plea bargaining process must show: (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonably probability that, but for counsel's deficient performance, the result of the proceedings would have been different. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

Under the first prong, the measure of a counsel's performance is "simply reasonableness under prevailing professional norms." *Padilla v Kentucky*, 559 US 356, 366; 130 S Ct 1473, 1486; 176 L Ed 2d 284 (2010). In the context of plea bargaining, professional norms require that counsel inform a defendant of favorable plea offers from the prosecution and advise a defendant of the direct consequences of accepting such an offer. *Missouri v Frye*, 566 US __, __; 132 S Ct 1399, 1408; 182 L Ed 2d 379 (2012); *Padilla*, 559 US at 374. Sex offender registration requirements incident to SORA are among the direct consequences of a plea on which counsel must advise a defendant. *People v Fonville*, 291 Mich App 363, 392; 804 NW2d 878 (2011).

Under the second prong, in the context of plea bargaining, to demonstrate prejudice, the "defendant must show the outcome of the plea process would have been different with competent advice." *Douglas*, 496 Mich at 592 (citation omitted). The prejudice alleged is having to stand trial, and, to establish counsel's performance affected the outcome of the plea proceedings, the defendant must demonstrate that but for the ineffective advice of counsel:

> there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. [*Lafler*, 132 S Ct at 1385.]

It is, of course, a defendant's burden to establish the effective assistance of counsel. *Douglas*, 496 Mich at 592. To do so, a defendant bears a heavy burden of overcoming the presumption that counsel provided effective assistance. *People v Horn*, 279 Mich App 31, 37 n 2; 755 NW2d 212 (2008). This Court will not substitute its judgment for that of defense counsel on matters of strategy, nor will it employ the benefit of hindsight to assess the competence of defense counsel. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

In this case, following a *Ginther* hearing, the trial court rejected defendant's claim of ineffective assistance because it determined that defense counsel credibly testified that she advised defendant that he would not have to register as a sex offender if he pled guilty. We defer to the trial court's assessment of credibility and, given defense counsel's testimony, we find no clear error in the trial court's conclusion that defense counsel accurately advised defendant, at some point during the plea process, that he would not have to register as a sex offender because Hogan was not a minor. See *People v Dendel*, 481 Mich 114, 131; 748 NW2d 859 (2008), modified 481 Mich 1201 (2008); *People v Dagwan*, 269 Mich App 338, 342; 711 NW2d 386 (2005). To the extent defense counsel did so advise her client, we see nothing unreasonable in her representation.

Nonetheless, on the record presented, we conclude that counsel's performance fell below an objective standard of reasonableness. In our view, counsel's unprofessional error was not failing to inform defendant regarding SORA's requirements as an initial matter, but failing to correct the misapprehension created by the prosecution's assertion on the record that defendant would face SORA's registration requirements if he pled guilty. On the facts of this case, the prosecution's assertion in this regard was plainly wrong. Because Hogan was not a minor, there was no possibility that defendant would be required to register as a sex offender if he pled guilty.

Yet, on the record, the prosecution misinformed the trial court and the trial court in turn conveyed this information to defendant, asking if defendant understood he would be required to register as a sex offender. Defendant promptly responded "no" and, because he could not "accept" SORA's registration requirements, he withdrew his agreement to the plea agreement and proceeded to trial.

In such circumstances, in our judgment, professional norms required that defense counsel either immediately, on the record, correct the trial court's misinformation or, at a minimum, correct this misapprehension before the end of trial so that the trial court might fashion a remedy for defendant. That is, a defendant may rely on the representations of the trial court regarding the consequences of entering a plea. See *People v Jones*, 37 Mich App 283, 285; 194 NW2d 534 (1971). Likewise, given that the prosecutor is an officer of the court, there would be no reason for defendant to disbelieve the prosecution's representations regarding the law and the consequences of his plea. See *People v Dunbar*, 463 Mich 606, 617; 625 NW2d 1 (2001); MRPC 3.3(a)(1). See also *In re Guilty Plea Cases*, 395 Mich 96, 114; 235 NW2d 132 (1975) (concluding that a prosecutor's interjected remarks on the record during the plea process may be sufficient to advise a defendant of his rights). It follows that, when the trial court and prosecution gave defendant misinformation on the record at the time he was entering his plea—information which defense counsel acknowledges that she knew to be mistaken and which she admits she could have corrected on the record—defense counsel had a professional responsibility to correct the trial court's misapprehension and to ensure that defendant was accurately apprised of the consequences of his plea. Defense counsel did not do so, either at the plea hearing or during the course of the trial. Instead, defense counsel permitted defendant to forgo a favorable plea agreement based on his erroneous—and well-founded—belief that he would have to register as a sex offender if he pled guilty.

Given the sequence of events in this case, we also do not believe that counsel's advice to defendant prior to the plea hearing, her whispered assurances at the hearing, or the felony information relating to defendant's charges was sufficient to satisfy defense counsel's professional obligations to ensure that defendant understood the consequences of his plea. Whatever past advice or information defendant had received from counsel or elsewhere,

> the appearance of justice and the integrity of the process by which pleas of guilty are offered and accepted require, in the solemn moment of passage from presumed innocence to conviction and potential imprisonment, that the judge apprise every defendant of the rights he is waiving and consequences of his plea and make the other determinations require[d] . . . . [*In re Guilty Plea Cases*, 395 Mich at 121.]

In this context, it would be unreasonable to suppose that defendant should be required, or should be able, to sift through the trial court's representations at the plea hearing to discern which may be incorrect because they do not comport with past information from counsel. See *id.* (recognizing that a defendant's prior advice from counsel does not negate his right be informed of the consequences of a plea at the time his plea is entered). Nor should defendant be expected to disbelieve the trial court's recitation of the consequences of his plea based on the whispered assurances of counsel or his own review of the felony information relating to his charges. Rather, we view it as incumbent on defense counsel—as well as the trial court and prosecution—

to ensure that a defendant is properly advised of the consequences of his plea at the time the plea is made. "Absent sufficient information, the plea would be unknowing and, consequently, involuntary." *Fonville*, 291 Mich App at 384 (citation omitted). See also MCR 6.302. Consequently, because defense counsel failed to correct the trial court's misapprehension when it was conveyed to defendant, or to at least correct such error before the jury verdict in time for the trial court to fashion some relief for defendant, counsel's representation fell below an objective level of reasonableness. See generally *Padilla*, 559 US at 374; *Fonville*, 291 Mich App at 384-385, 392.

On the record presented, we are also persuaded that defendant has made the requisite showing of prejudice. First, it is more than reasonably probable that, but for the misinformation relating to SORA, defendant would have accepted the plea, the prosecution would not have withdrawn its offer of a plea, and the trial court would have accepted (and not withdrawn its acceptance of) the terms of the plea. See *Lafler*, 132 S Ct at 1385. At the time defendant elected to forgo the plea agreement because of the misinformation provided to him, he had already repeatedly expressed his wish to enter a plea, signed a written form to that effect, agreed to waive his rights attendant to a trial, and provided the trial court with the factual basis for his plea. The trial court had also agreed to accept the plea, and there was no indication the offer would be withdrawn by the prosecutor. The only reason the plea was not ultimately accepted was because defendant was mistakenly informed he would have to register as a sex offender, a consequence which defendant could simply not accept.[3]

Second, the plea agreement's terms were less severe than the sentence defendant received following trial. See *id.* Namely, under the plea agreement, the prosecution would have withdrawn the fourth-offense habitual offender notice and defendant would have been sentenced within the resulting guidelines range, which would have been considerably lower than the guidelines range scored after trial based on defendant's fourth offense habitual offender status and which would not have included the 18 year minimum sentence ultimately received by defendant following trial. See MCL 777.21(3); MCL 777.64. On the whole, defendant has shown that, but for counsel's deficient performance, there was a reasonable probability that the result of the plea proceedings would have been different. See *Lafler*, 132 S Ct at 1385.

Having concluded that defendant has met his burden of establishing that he received constitutionally ineffective assistance during the plea bargaining process, the appropriate remedy

---

[3] Defense counsel testified at the *Ginther* hearing that defendant was reluctant to enter a plea because defendant believed Hogan would not appear to testify. This account does not explain defendant's decision to go to trial, however, because the plea hearing was held on the same day as trial, when it was apparent Hogan was in fact present to testify. In fact, at the plea hearing, defense counsel specifically noted that she approached the trial court about entering a plea because "all of the witnesses were here and [defendant's] prediction was not accurate." Fairly read, the only conclusion to be drawn from the record of the plea hearing is that defendant opted to go to trial because he could not "accept" the SORA registration requirements he had been led to believe would be imposed pursuant to a guilty plea.

in these circumstances, as explained in *Lafler*, 132 S Ct at 1389, 1391, is a remand for the State to reoffer the plea agreement. Specifically, *Lafler* instructs that the remedy must be "'tailored to the injury suffered'" in order to "'neutralize the taint' of constitutional violation," while at the same time the remedy should "not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution." *Id.* at 1388, quoting *United States v Morrison*, 449 US 361, 364-365; 101 S Ct 665; 66 L Ed 2d 564 (1981). Where, as in the present case, ineffective assistance of counsel led to the rejection of a favorable plea agreement, and resentencing alone will not fully redress the constitutional injury, the proper remedy is to require the prosecution to reoffer the proposed plea agreement. *Lafler*, 132 S Ct at 1389.

Consequently, we vacate defendant's judgment of sentence, and we remand to the trial court with instructions that the prosecution reoffer the plea agreement and for further proceedings consistent with *Lafler*, 132 S Ct at 1389, 1391. See also *People v McCauley*, 493 Mich 872; 821 NW2d 569 (2012). That is, after the prosecution reoffers the plea agreement, the trial court may then exercise its discretion, in light of all the circumstances of the case, in deciding whether to vacate the convictions from trial and accept the plea or leave the convictions and sentence from trial undisturbed. *Id.*; *Lafler*, 132 S Ct at 1389, 1391. See also MCR 6.302(C)(3). In exercising its discretion, the trial court may consider, among other facts and circumstances, defendant's earlier willingness, or unwillingness, to accept responsibility for his actions, and it may also consider any information concerning the crime that was discovered after the plea offer was made in order to fashion a remedy that does not require the prosecution to incur the expense of conducting a new trial. *McCauley*, 493 Mich at 872, citing *Lafler*, 132 S Ct at 1389. Further, although the passage of time "makes it difficult to restore the defendant and the prosecution to the precise positions they occupied prior to the rejection of the plea offer . . . that baseline can be consulted in finding a remedy . . . ."[4] *Lafler*, 132 S Ct at 1389. In short, we remand with instructions that the prosecution reoffer the plea agreement and that the trial court then exercise its discretion regarding the acceptance of that plea agreement, in light of all the circumstances of the case, in order to "neutralize the taint," as much as possible, of defendant's constitutional injury.

In light of our decision to remand, we decline to reach defendant's remaining claims on appeal at this time. Instead, we retain jurisdiction and we instruct the trial court to notify this Court after the matter of defendant's plea has been resolved. If the trial court decides to reject the plea, defendant may of course challenge the trial court's decision on appeal. In addition, if,

---

[4] On the unique facts of this case, when exercising its discretion, the trial court should consider that the "baseline" in question is an all but accomplished plea that had been accepted by defendant, the prosecution, and indeed the trial court itself. It was at the last possible moment, as a result of misinformation conveyed to defendant at his plea hearing, that defendant rejected the plea and opted to go to trial. Given that it is a near certainty that the plea would have been accomplished but for the misinformation provided to defendant, neutralizing the taint of the constitutional injury in this case may well involve acceptance of defendant's plea by the trial court.

for any reason, defendant does not enter a plea pursuant to the agreement offered by the prosecution, defendant may raise his remaining claims again on appeal at that time.

Vacated in part and remanded for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Christopher M. Murray
/s/ Henry William Saad
/s/ Joel P. Hoekstra

# Court of Appeals, State of Michigan

# ORDER

People of MI v Derrivis Leonard Parker

Docket No. 317737

LC No. 12-004602-FH

Christopher M. Murray
Presiding Judge

Henry William Saad

Joel P. Hoekstra
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, *People v Parker*, unpublished opinion per curiam of the Court of Appeals (Docket No. 317737), the prosecutor is ordered to reoffer the plea agreement on remand and the trial court is instructed to then exercise its discretion to determine whether to vacate defendant's convictions from trial and accept the plea or leave the convictions and sentence from trial undisturbed. See *Lafler v Cooper*, 566 US __; 132 S Ct 1376, 1389; 182 L Ed 2d 398 (2012). The proceedings on remand are limited to this issue.

Within 7 days after completion of the proceedings, the trial court shall cause a copy of any new judgment of sentence entered on remand to be filed with this Court.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

DEC 23 2014
Date

Chief Clerk