*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

MICHAEL GREEN,

Defendant-Appellee.

UNPUBLISHED
June 30, 2022

No. 357640
Wayne Circuit Court
LC No. 19-007230-01-FC

Before: RICK, P.J., and MURRAY and SHAPIRO, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] the circuit court's order granting defendant's motion for a new trial under MCL 770.1. We reverse.

## I. FACTUAL BACKGROUND

This case stems from defendant's conduct involving AO, the eleven-year-old daughter of defendant's then-girlfriend. Defendant was charged with two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b) (sexual penetration of a victim less than 13 years old by an individual at least 17 years old), and two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(2)(b) (sexual contact of a victim less than 13 years old by an individual at least 17 years old). On May 11, 2018, a preliminary examination was held before Judge William McConico. During the preliminary examination, AO testified that on two occasions defendant "put his mouth and fingers on [her] private part[,]" and that her "private part" was "where [she] urinate[d] from." AO maintained that defendant's fingers and tongue did not go inside of her vagina. Following AO's testimony, the prosecution conceded that the charged counts of CSC-I "were not made out" but moved for bindover on the charged counts of CSC-II. The district court dismissed the charged counts of CSC-I on the basis that insufficient evidence had

---

[1] *People v Green*, unpublished order of the Court of Appeals, entered August 10, 2021 (Docket No. 357640).

been presented to support the charges. However, the district court bound defendant over on the charged counts of CSC-II.

On March 12, 2019, the circuit court held what was scheduled to be a jury trial. At the outset, the prosecution informed the circuit court that AO and her brother, both of whom were expected to testify during trial, had the flu and were unable to appear. The prosecution asserted that the circumstances provided good cause for an adjournment and requested a continuance. Defense counsel opposed the prosecution's request for a continuance because defendant had already been incarcerated for an extended period of time. Defense counsel asserted that the case should be dismissed and the charges should be reissued. Ultimately, the circuit court dismissed the case without prejudice and stated that the prosecution could reissue the charges. On that same day, the prosecution again charged defendant with two counts of CSC-I and two counts of CSC-II.

On September 20, 2019, a second preliminary examination was held before Judge E. Lynise Bryant. During the preliminary examination, AO testified that defendant touched the "outer part" of her vagina with his fingers on two occasions. AO also testified that defendant "moved his tongue around the outer part" of her vagina on two occasions. Following AO's testimony, the prosecution moved for bindover on the charged counts of CSC-I and CSC-II. In doing so, the prosecution argued that cunnilingus, by definition, involves an act of sexual penetration. Ultimately, the district court bound defendant over on the charged counts of CSC-I and CSC-II. The case proceeded to a jury trial, and defendant was convicted of two counts of CSC-I and two counts of CSC-II.

On December 14, 2020, defendant filed a motion for a judgment of acquittal or a new trial. The trial court granted defendant's motion for a new trial. The circuit court held that a new trial was warranted under MCL 770.1 because "justice ha[d] not been done." The circuit court opined that the second preliminary examination did not comply with MCR 6.110(F), reasoning as follows:

> [T]he key difference between the first and second preliminary examinations is not that new evidence was presented, but rather that the People were represented by more knowledgeable counsel, who provided Judge Bryant with precedent on what constitutes "penetration" for a cunnilingus charge. Better lawyering, however, does not supersede the rule's unequivocal two-part requirement of both the same judge and presentation of new evidence.

The circuit court concluded that defendant had been denied his due process right to a fair proceeding and that the prosecution had engaged in judge-shopping, "even if inadvertent[.]" Further, the circuit court determined that defense counsel was ineffective for failing to object to the second preliminary examination being held before Judge Bryant, failing to assert that the second preliminary examination did not comply with MCR 6.110(F), and failing to move to quash the CSC-I charges. The circuit court concluded that defendant was prejudiced by defense counsel's errors because defendant was tried and convicted of two counts of CSC-I, which the circuit court deemed "procedurally defective." This appeal followed.

On appeal, the prosecution argues that the circuit court abused its discretion when it granted defendant's motion for a new trial. We agree.

## II. STANDARD OF REVIEW

"This Court reviews for an abuse of discretion a trial court's decision to grant or deny a motion for a new trial." *People v Powell*, 303 Mich App 271, 276-277; 842 NW2d 538 (2013) (quotation marks and citation omitted). "An abuse of discretion occurs when the trial court renders a decision falling outside the range of principled decisions." *Id*. at 277 (quotation marks and citation omitted). A trial court's factual findings are reviewed for clear error. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Blevins*, 314 Mich App 339, 348-349; 886 NW2d 456 (2016). Issues of constitutional law are reviewed de novo. *People v Vaughn*, 491 Mich 642, 650; 821 NW2d 288 (2012). "The proper interpretation and application of a court rule is a question of law that is reviewed de novo." *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012).

## III. ANALYSIS

At the outset, the circuit court granted defendant's motion for a new trial with respect to all of defendant's convictions. However, the circuit court's reasoning pertained only to defendant's CSC-I convictions, and it does not appear that the circuit court found error regarding defendant's CSC-II convictions. Therefore, we conclude that the circuit court abused its discretion when it granted defendant's motion for a new trial with respect to defendant's CSC-II convictions.

## A. MCR 6.110(F) AND DUE PROCESS

With regard to preliminary examinations, MCR 6.110(F) provides:

> If, after considering the evidence, the court determines that probable cause does not exist to believe either that an offense has been committed or that the defendant committed it, the court must discharge the defendant without prejudice to the prosecutor initiating a subsequent prosecution for the same offense or reduce the charge to an offense that is not a felony. Except as provided in MCR 8.111(C), the subsequent preliminary examination must be held before the same judicial officer and the prosecutor must present additional evidence to support the charge.

MCR 8.111(C)(1) provides, in pertinent part, that "[i]f a judge is disqualified or for other good cause cannot undertake an assigned case, the chief judge may reassign it to another judge by a written order stating the reason."

Initially, the prosecution argues that MCR 6.110(F) does not apply because the district court did not discharge defendant after the initial preliminary examination but instead bound defendant over on two counts of CSC-II. We disagree with the prosecution's assertion. Two counts of CSC-I were dismissed by the district court at the conclusion of the initial preliminary examination based on a lack of probable cause. By its plain terms, MCR 6.110(F) applies when charges have been dismissed after the preliminary examination based on a finding of lack of probable cause. Therefore, although defendant was initially bound over on two counts of CSC-II, MCR 6.110(F) was applicable because defendant was discharged after the initial preliminary examination in relation to two counts of CSC-I.

Given that MCR 6.110(F) applied, error occurred when the second preliminary examination was held before Judge Bryant rather than Judge McConico, who presided over the first preliminary examination. Indeed, the record provides no reasoning as to why Judge McConico did not preside over the second preliminary examination. However, defendant's due–process rights were not violated as a result of this error. "MCR 6.110(F) prevents 'judge shopping' by requiring that a subsequent examination be before the same magistrate, if available, and that additional evidence be presented." *People v Robbins*, 223 Mich App 355, 362; 566 NW2d 49 (1997). However, "subjecting a defendant to repeated preliminary examinations violates due process if the prosecutor attempts to harass the defendant or engage in 'judge-shopping.' " *Id*. at 363 (citations omitted). "Among the factors to be considered in determining whether a due process violation has occurred are the reinstitution of charges without additional, noncumulative evidence not introduced at the first preliminary examination, the reinstitution of charges to harass, and judge-shopping to obtain a favorable ruling." *People v Dunbar*, 463 Mich 606, 613; 625 NW2d 1 (2001), quoting *People v Vargo*, 139 Mich App 573, 578; 362 NW2d 840 (1984).

In the present case, there was no evidence that the prosecution reinstituted charges in order to harass defendant or in an effort to engage in judge-shopping. On March 12, 2019, the circuit court held what was scheduled to be a jury trial. At the outset, the prosecution informed the circuit court judge that AO and her brother, both of whom were expected to testify during trial, had the flu and were unable to appear. The prosecution asserted that the circumstances provided good cause for an adjournment and requested a continuance. Defense counsel opposed the prosecution's request for a continuance because defendant had already been incarcerated for an extended period of time. Defense counsel asserted that the case should be dismissed and the charges should be reissued. Ultimately, the circuit court judge dismissed the case without prejudice and stated that the prosecution could reissue the charges. The prosecution reissued charges, and the second preliminary examination was held before Judge Bryant. There was no evidence that the prosecution had any influence regarding the assignment of the case to Judge Bryant, and neither party raised an issue regarding the assignment to Judge Bryant. Accordingly, the assignment to Judge Bryant appears to be procedural error or oversight. There was no evidence that the prosecution reinstituted charges in order to harass defendant or in an effort to engage in judge-shopping.

Furthermore, it does not appear that charges were reinstituted without additional, noncumulative evidence. At the initial preliminary examination, AO testified that defendant touched the outside of her vagina with his fingers and mouth. AO did not testify that defendant touched her with his tongue, but responded affirmatively when the district court judge asked: "his tongue didn't go in your vagina either; is that right?" At the second preliminary examination, AO testified that defendant touched the outside of her vagina with his fingers and tongue. She also testified that defendant "moved his tongue around the outer part" of her vagina. Given that AO's testimony at the second preliminary examination was more specific compared to the testimony

given at the initial preliminary examination, this testimony constituted additional evidence that had not been presented at the initial preliminary examination.[2]

In sum, a due process violation did not occur because there was no evidence that the prosecution reinstituted charges in order to harass defendant or in an effort to engage in judge-shopping, and it does not appear that charges were reinstituted without additional, noncumulative evidence. Given that a due process violation did not occur, the circuit court abused its discretion when it determined that justice had not been done and granted defendant's motion for a new trial under MCL 770.1. It is also notable that a new trial was not the proper remedy for the relief sought by defendant in the circuit court. See *People v Hall*, 435 Mich 599, 609-613; 460 NW2d 520 (1990) (applying the harmless error standard to preliminary examination errors). Indeed, a new trial on the charged counts of CSC-I and CSC-II would not remedy any purported errors that occurred prior to bindover.

## B. MCL 769.26

On appeal, the prosecution argues that a new trial was not warranted because the procedural error did not result in a miscarriage of justice. We agree.

MCL 769.26 provides:

> No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

A miscarriage of justice occurs when "it is more probable than not that a different outcome would have resulted without the error." *People v Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999). In the present case, a procedural error occurred when the second preliminary examination was held before Judge Bryant rather than Judge McConico. However, this error did not result in a miscarriage of justice because it did not affect the outcome of the proceedings. As previously concluded, there is no indication that Judge McConico would have declined to bind defendant over

---

[2] However, we note, without deciding, that the legal effect of the second preliminary examination testimony appears to be the same as that presented at the initial preliminary examination. "An act of cunnilingus, by definition, involves an act of sexual penetration." *People v Legg*, 197 Mich App 131, 132; 494 NW2d 797 (1992). This Court has recognized that "cunnilingus requires the placing of the mouth of a person upon the external genital organs of the female which lie between the labia, or the labia itself [sic], or the mons pubes [sic]." *Id*. at 133 (citation and quotation marks omitted; alterations in original). Thus, regardless of whether defendant touched the outside of AO's vagina with his mouth or his tongue, the testimony appears to have supported the bindover with regard to the counts of CSC-I.

on the charged counts of CSC-I and CSC-II based upon the evidence presented at the second preliminary examination and the prosecution's meritorious argument that cunnilingus, by definition, involves an act of sexual penetration. Furthermore, defendant was convicted of two counts of CSC-I and two counts of CSC-II. Thus, the jurors determined that the prosecution had met a higher standard of proof than that required at a preliminary examination, and the procedural error during the second preliminary examination was not outcome-determinative.

## C. INEFFECTIVE ASSISTANCE OF COUNSEL

The prosecution also argues that a new trial was not warranted on the basis of ineffective assistance of counsel. We agree.

A defendant seeking relief based upon a claim of ineffective assistance of counsel bears the burden of showing "(1) that trial counsel's performance was objectively deficient, and (2) that the deficiencies prejudiced the defendant." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018). "A counsel's performance was deficient if it fell below an objective standard of professional reasonableness. The performance prejudiced the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different." *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010) (citation omitted). However, "[f]ailing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

When it granted defendant's motion for a new trial, the circuit court determined that defense counsel was ineffective for failing to object to the second preliminary examination being held before Judge Bryant, failing to assert that the second preliminary examination did not comply with MCR 6.110(F), and failing to move to quash the CSC-I charges. We disagree.

Even assuming that defense counsel's performance was objectively deficient because defense counsel failed to raise an objection under MCR 6.110(F) prior to or during the second preliminary examination, there was no reasonable probability that the result of the proceedings would have been different had an objection been raised. There is no indication that Judge McConico would have declined to bind defendant over on the charged counts of CSC-I and CSC-II based on the evidence presented at the second preliminary examination and the prosecution's meritorious argument that cunnilingus, by definition, involves an act of sexual penetration. Furthermore, a motion to quash the CSC-I charges following the second preliminary examination would have been meritless. As previously concluded, there was no evidence that the prosecution reinstituted charges in order to harass defendant or in an effort to engage in judge-shopping, and it does not appear that charges were reinstituted without additional, noncumulative evidence. Thus, defendant's due–process rights had not been violated, and "[f]ailing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *Ericksen*, 288 Mich App at 201. Accordingly, defense counsel's failure to move to quash the CSC-I charges did not constitute ineffective assistance of counsel.

## D. COLLATERAL ESTOPPEL

On appeal, defendant argues that the charged counts of CSC-I should have been dismissed on the basis of collateral estoppel. We disagree.

Initially, the prosecution did not address collateral estoppel in its appellate brief. "Generally, failure to file a cross appeal precludes an appellee from raising an issue not appealed by the appellant." *Kosmyna v Botsford Comm Hosp*, 238 Mich App 694, 696; 607 NW2d 134 (1999). "However, an appellee need not file a cross appeal in order to argue an alternative basis for affirming the trial court's decision, even if that argument was considered and rejected by the trial court." *Id*. Therefore, defendant is not precluded from raising this issue.

"Collateral estoppel bars relitigation of an issue in a subsequent, different litigation between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was both actually litigated and necessarily determined." *People v Brown*, 279 Mich App 116, 126; 755 NW2d 664 (2008). "The doctrine of collateral estoppel applies to criminal cases." *Id*. However, "dismissal of a prosecution at preliminary examination raises no res judicata or collateral estoppel bar to a subsequent prosecution." *People v Hayden*, 205 Mich App 412, 414; 522 NW2d 336 (1994). Therefore, defendant's argument lacks merit.

## E. FORFEITURE AND WAIVER

Defendant also argues that, by conceding that the charged counts of CSC-I "were not made out" at the initial preliminary examination and failing to move for bindover on those counts, the prosecution both forfeited and waived any challenge to the dismissal of the charges. We disagree.

Initially, defendant failed to raise an argument regarding forfeiture and waiver in the circuit court. For an issue to be preserved for appellate review, it must be raised in the trial court. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Issue preservation requirements impose "a general prohibition against raising an issue for the first time on appeal." *Id*. Nevertheless, for the sake of completeness, we address defendant's unpreserved argument regarding forfeiture and waiver. "Waiver has been defined as the intentional relinquishment or abandonment of a known right. It differs from forfeiture, which has been explained as the failure to make the timely assertion of a right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citations omitted). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id*. (quotation marks and citations omitted). "Mere forfeiture, on the other hand, does not extinguish an 'error.' " *Id*. (citations omitted).

Forfeiture and waiver are inapplicable to the instant case. In regard to waiver, the prosecution did not intentionally relinquish or abandon a known right by conceding that the charged counts of CSC-I "were not made out" at the initial preliminary examination and failing to move for bindover on those counts. Under MCR 6.110(F), when a court concludes that probable cause is lacking to bind over a defendant, the defendant is discharged "without prejudice to the prosecutor initiating a subsequent prosecution" for the same offense based on additional evidence. Therefore, the prosecution did not intentionally relinquish or abandon the right to initiate a subsequent prosecution for the same offenses by conceding that the charged counts of CSC-I "were not made out" at the initial preliminary examination. The prosecutor's decision to reissue charges was necessitated when defendant insisted that his original charges be dismissed due to the illness of two of the prosecution's main witnesses. The prosecution had asked only for an adjournment of the original trial. These, simply, are not facts that reveal the prosecution acted to undermine defendant's due process rights. See, *People v Robbins*, 223 Mich App 355; 566 NW2d 49 (1997);

See, also, *People v Vargo*, 139 Mich App 573, 578; 362 NW2d 840 (1984)("Among the factors to be considered in determining whether a due process violation has occurred are the reinstitution of charges without additional, noncumulative evidence not introduced at the first preliminary examination, the reinstitution of charges to harass and judge-shopping to obtain a favorable ruling.").  Accordingly, we reject defendant's argument of a due process violation on this basis.

Reversed.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Douglas B. Shapiro