*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

ANTHONY MAYE,

Defendant-Appellee.

FOR PUBLICATION
August 25, 2022

No. 357233
Macomb Circuit Court
LC No. 2020-000160-AR

Before: BOONSTRA, P.J., and GADOLA and HOOD, JJ.

HOOD, J. (*concurring*).

I concur in the result and agree that collateral estoppel did not bar the second preliminary examination or relitigation of the district court's suppression order. See *People v Hayden*, 205 Mich App 412, 414-415; 522 NW2d 336 (1994), citing *People v George*, 114 Mich App 204, 210; 318 NW2d 666 (1982).[1] I write separately to indicate that the procedure the prosecution used to revisit the district court's suppression order—voluntary dismissal and refiling of charges to challenge a suppression order—though not prohibited, is not explicitly contemplated by the court rules. It was irregular. There were more efficient, standardized alternatives available under the court rules, e.g., moving for reconsideration, applying for leave to appeal the district court

---

[1] Although collateral estoppel does not bar a second preliminary examination or relitigation of an alleged constitutional violation in cases that are dismissed without prejudice prior to jeopardy attaching, these processes may be barred on other grounds. See *George*, 114 Mich App at 214-215 (holding that due process barred the prosecutor from proceeding against defendants on a second complaint and warrant; acknowledging the court's power "to curtail the state's right to repeatedly proceed against the individual in those limited instances when the repeated prosecution clearly constitutes harassment."). Likewise, the principles in *Hayden*, *George*, and *People v Price*, 69 Mich App 363; 244 NW2d 363 (1976), in no way limit a judicial officer's ability and mandate to make credibility determinations when a party presents new or different testimony related to a previously litigated suppression issue. See *People v Anderson*, 501 Mich 175, 184-185; 912 NW2d 503 (2018) (holding that a magistrate has a right and a duty at a preliminary examination to consider all the evidence, including the credibility of witnesses).

-1-

decision, and challenging the suppression before the circuit court under MCR 6.110(D)(2) and moving to amend the information under *People v Goecke*, 457 Mich 442, 455-463; 579 NW2d 868 (1998). It remains unclear why the prosecution chose not to use these procedures.

## I. BACKGROUND

The majority opinion accurately describes the factual and procedural background of this case with one caveat: at the conclusion of the preliminary examination, the district judge "suppressed" the fruits of the search. The district court stated, "[T]he canine entering the [vehicle] without any testimony of the probable cause to what—why the canine entered the car, is an illegal search of the vehicle, and I would—and I will suppress the evidence seized from the search of the vehicle." After the prosecution voluntarily dismissed and refiled the charges, the district judge attempted to clarify that rather than suppressing the evidence she was only finding that there was insufficient evidence to support the warrantless search. This may be a distinction without a difference. The only basis for suppressing evidence from a warrantless stop is when there is insufficient evidence to support the lawfulness of a warrantless search or seizure. At a hearing before the circuit court after the prosecution refiled charges, the circuit court acknowledged that this was a suppression order.

## II. MECHANISMS FOR CHALLENGING A DISTRICT COURT'S SUPPRESSION ORDER

When the district judge suppressed evidence obtained from the stop at the end of the preliminary examination, the prosecution had three alternate options to review the decision or revisit the issue: (1) the prosecution could have moved for reconsideration, MCR 2.119(F); (2) the prosecution could have applied for leave to appeal to the circuit court, MCL 770.3(2); and (3) the prosecution could have revisited suppression before the circuit court, MCR 6.110(D)(2), and amended the information under *Goecke*, 457 Mich at 455-463. Instead of pursuing any of these formal mechanisms for challenging the district judge's decision, the prosecution moved to voluntarily dismiss the charges in the circuit court, reissued the charges in the district court, only to have the suppression issue eventually relitigated in the circuit court anyway. This practice, though not explicitly prohibited absent evidence of bad faith or judge shopping,[2] was a waste of judicial resources, which are increasingly precious in the COVID era, and risked diminishing public faith in prosecutions. Following the existing procedures in the court rules would have saved time, saved resources, and likely reached the same endpoint without risking undermining public confidence in the criminal legal system.

Here, the prosecution had three alternative processes to reach its desired outcome—challenging the district court's suppression order—that are normalized in the court rules, do not waste judicial resources, and do not risk the appearance of bad faith.

---

[2] Since its amendment, MCR 6.110(F), largely prevents judge shopping. See MCR 6.110(F) (providing, "Except as provided in MCR 8.111(C), the subsequent preliminary examination must be held before the same judicial officer and the prosecutor must present additional evidence to support the charge.").

First, the prosecution could have chosen not to abandon its motion to reopen proofs at the end of the preliminary examination or moved for reconsideration before the district court. See MCR 2.119(F). The district court never ruled on the prosecution's oral motion to adjourn or reopen proofs. At the end of the preliminary examination, the district court appeared to offer the prosecution an opportunity to pursue its motion, or hear the court's decision. The prosecution did not appear to respond, apparently abandoning its motion to reopen proofs. It remains unclear why the prosecution chose to dismiss and reissue charges after the bind over instead of pursuing its motion to reopen proofs to call the canine officer, or moving for the court to reconsider.

Second, the prosecution could have applied for leave to appeal to the circuit court. See MCL 770.3(2); MCR 7.103(B)(1). A party may apply for leave to appeal to the circuit court from an interlocutory judgment or order in a felony or misdemeanor case. See MCL 770.3(2). This course would have allowed the prosecution to ask the circuit court to review the district court's decision on suppression. It appears that the prosecution may have considered this, when, after the district court's decision, the prosecutor moved for a stay to allow the prosecution to appeal the decision. Because the district court denied the motion for a stay and bound over lesser charges instead of dismissing the case in its entirety or reducing to a misdemeanor, an appeal was not required and was likely less preferable to a motion to amend the information. See *Goecke*, 457 Mich at 458-459 (holding that the prosecution's failure to appeal a district court decision when the district court binds over lesser charges does not foreclose the prosecution's ability to move to amend the information to include the original charges).

Finally, following bind over on the lesser charges, the prosecution could have challenged the district court's suppression order before the circuit court under MCR 6.110(D)(2) and moved to amend the information. See *Goecke*, 457 Mich at 455-463; see also MCL 767.76 (providing that the court may amend an information at any time before, during, or after trial). Unlike an application for leave to appeal or a motion for reconsideration, this process would limit the court's discretion to deny a request to challenge the suppression order or supplement the bill of information. Ultimately, this would have allowed the prosecution to revisit the suppression order, call additional witnesses if necessary, and amend the information to include the original charges, without pinballing from district court to circuit court and back again.

Under MCR 6.110(D)(2)(a)-(c), either party may challenge the district court's suppression order before the circuit court. In its relevant parts, 6.110(D)(2) provides:

> If, during the preliminary examination, the court determines that evidence being offered is excludable, it must, on motion or objection, exclude the evidence. If, however, there has been a preliminary showing that the evidence is admissible, the court need not hold a separate evidentiary hearing on the question of whether the evidence should be excluded. The decision to admit or exclude evidence, with or without an evidentiary hearing, does not preclude a party from moving for and obtaining a determination of the question in the trial court on the basis of
>
> > (a) a prior evidentiary hearing, or
> >
> > (b) a prior evidentiary hearing supplemented with a hearing before the trial court, or

(c) if there was no prior evidentiary hearing, a new evidentiary hearing.

Essentially, MCR 6.110(D)(2) allows the prosecution to raise the issue of exclusion before the circuit court. See *id.* In such a hearing, the prosecution could introduce new evidence, such as the canine officer's testimony, and rely on the testimony from the prior hearing—the preliminary examination. See *id.*

If, after challenging the suppression order under MCR 6.110(D)(2), the circuit court found that the fruits of the search were admissible, the prosecution could file a *Goecke* motion to amend the information to add the original charges. *Goecke*, 457 Mich at 455-463. Under *Goecke*, the prosecution may move to amend the information to include additional charges if the evidence presented at the preliminary examination provided probable cause for those charges and the amendment does not prejudice the defense. See *id*. Here, the prosecution had already presented evidence regarding the fruits of the searches of both the vehicle and the residence. Therefore, assuming that the circuit court validated the searches after a hearing under MCR 6.110(D)(2), the prosecution could have amended the information to include the original charges without a second preliminary examination.

This process would have allowed the prosecution to reach the same outcome as the voluntary dismissal and refiling of charges with three added benefits over the process used by the prosecution in this case. First, these are normalized processes that the court rules already contemplate. Second, it saves court resources. Under MCR 6.110(D)(2), the district court and circuit court each address the validity of the stop once. Under the procedure the prosecution used here, the district court addressed suppression at the first exam, then the defense moved to quash on that basis in the circuit court before the voluntary dismissal, then the district court addressed it at the second exam, and now the circuit court will undoubtedly address it during a motion to suppress when the refiled case continues. Instead of one preliminary exam and one circuit court case, the prosecution's method required two preliminary exams and two circuit court cases. It was an inefficient use of court resources at a time when they are increasingly precious.

Finally, in addition to the efficiency gains of this process, challenging the suppression under MCR 6.110(D)(2) and moving to amend under *Goecke*, as opposed to dismissing and refiling, does not risk undermining public confidence in the prosecution in the same way. Here, instead of responding to the defense's motion to quash,[3] the prosecution simply dismissed the case, hit the reset button, and started over in the district court. To a cynic—or even to a lay person—moving to dismiss charges and refiling with new testimony that shores up a prosecutor's case may look like gamesmanship. The defense raised precisely this concern when the prosecution sought to reopen proofs at the end of the first preliminary exam. These concerns are likely amplified by the prosecution's choice to use a process that is not prohibited, but not explicitly contemplated, by the court rules. By comparison, moving for an evidentiary hearing and order admitting excluded

---

[3] Because of the overlapping issues, the prosecution's response to the motion to quash provided the ideal opportunity to move for an evidentiary hearing under MCR 6.110(D)(2) and move to amend under *Goecke*.

evidence under MCR 6.110(D)(2), and moving to amend an information under *Goecke*, are normalized processes that are explicitly contemplated by the court rules and established precedent.

## III. CONCLUSION

I concur in the result because there was no legal obstacle to the prosecution's voluntary dismissal and refiling of charges.  Nevertheless, three alternatives were available that were more efficient and presented lower risk to the public's confidence in the prosecution.  I concur in remanding to the circuit court for further proceedings.

/s/ Noah P. Hood